116 F.3d 409
 97 Cal. Daily Op. Serv. 4659, 97 Daily Journal
D.A.R. 7693,
97 Daily Journal D.A.R. 7777
Gilbert Arvizo MORENO, Petitioner-Appellant,
v.
Dave GONZALEZ, Deputy Warden; Grant Woods, Attorney
General, Respondents-Appellees.
 No. 95-15063.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 11, 1997.
Decided June 19, 1997.
 
 Appeal from the United States District Court for the District of Arizona; Jack E. Tanner, District Judge, Presiding. D.C. No. CV-93-00081-JET.
 Before: SNEED, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 Moreno' § 28 U.S.C. § 2254 petition raised seven claims. According to the record before us, Moreno never fairly presented any of these claims to the Arizona Supreme Court.
 
 
 2
 We must determine whether a rule of state law, which the state courts apply consistently, would necessarily bar Moreno from fairly presenting his claims to the state courts at this date. If so, then absent cause and prejudice or a fundamental miscarriage of justice, federal review of these claims would be barred. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); Johnson v. Lewis, 929 F.2d 460, 462-64 (9th Cir.1991); see also Dugger v. Adams, 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 1217 n. 6, 103 L.Ed.2d 435 (1989) (in order to be adequate, state procedural bar must be consistently applied in vast majority of cases). Because this issue raises an important question of state law, we certify this question to the Arizona Supreme Court pursuant to Ariz.Rev.Stat. § 12-1861 (West 1994) and Ariz. Sup.Ct. R. 27 (West 1986 & Supp.1996). See Torres v. Goodyear Tire & Rubber Co., 867 F.2d 1234, 1237-39 (9th Cir.1989).
 
 STATEMENT OF FACTS
 
 3
 After the Arizona Court of Appeals affirmed Moreno's conviction and sentence, Moreno did not petition the Arizona Supreme Court for review. According to the record before us, Moreno never filed a post-conviction petition pursuant to Ariz. R.Crim. P. 32. Moreno later filed a habeas corpus petition in the Arizona Supreme Court. The Arizona Supreme Court denied the petition, concluding that "the petition presents nothing upon which relief can be obtained."[1]
 
 
 4
 Moreno's section 2254 petition raised the following claims: speedy trial violation; insufficiency of the evidence; suggestive pretrial identification; consolidation of actions and tardy disclosure violated due process; racially biased jury; admission of hearsay evidence violated Moreno's confrontation rights; and admission of irrelevant evidence denied Moreno a fair trial.
 
 QUESTIONS OF LAW
 
 5
 Rule 32 proceedings generally must be initiated within ninety days of the entry of judgment and sentence or within thirty days of the order and mandate affirming the judgment and sentence on direct appeal, whichever is later. See Ariz. R.Crim. P. 32.4(a) (West 1996). Ordinarily, untimely petitions are dismissed with prejudice for lack of jurisdiction. See Ariz.Rev.Stat. § 13-4234(G) (West 1996); but see State v. Prince, 1996 WL 91519 at * 7 (Thompson, J., dissenting from grant of partial relief) (insisting that petitioner's claim is barred by Ariz. R.Crim. P. 32.4(a)). Untimely Rule 32 petitions, however, may be filed "pursuant to Rules 32.1(d),(e),(f) or (g)." See Ariz. R.Crim. P. 32.4(a) (West 1996); see also Ariz.Rev.Stat. §§ 13-4232(B), 13-4231(4),(5),(6),(7) (West 1996).
 
 
 6
 Under Arizona's preclusion rule, petitioners generally are barred from raising any claim that was "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding," or "waived at trial, on appeal, or in any previous collateral proceeding." See Ariz. R.Crim. P. 32.2(a)(2),(3) (West 1996); see also Ariz.Rev.Stat. §§ 13-4232(A)(2),(3) (West 1996). This rule, however, is subject to a number of exceptions. See Ariz. R.Crim. P. 32.2(b) (West 1996); Ariz. R.Crim. P. 32.2(a)(3) (comment) (West 1996); see also Ariz.Rev.Stat. 13-4232(B) (West 1996).
 
 
 7
 Before September 30, 1992, Rule 32.2(b) provided that the general preclusion rule of 32.2(a) "shall not apply to claims based on Rules 32.1(d),(e) and (g)." See Ariz. R.Crim. P. 32.2(b) (West 1992). In 1992, Rule 32.2(b) was amended, effective September 30, 1992, to include Rule 32.1(f) as one of the exceptions to Rule 32.2(a)'s general rule of preclusion. See Ariz. R.Crim. P. 32.2(b) (West 1993).
 
 
 8
 Moreno is not in custody after his sentence has expired nor are his claims based on newly discovered evidence or a significant change in the law. Moreno therefore may not raise his claims pursuant to Rule 32.1(d),(e) or (g). See Ariz. R.Crim. P. 32.2(b), 32.4(a) (West 1996). We are uncertain, however, whether Moreno may file an untimely petition pursuant to Ariz. R.Crim. P. 32.1(f). See Ariz. R.Crim. P. 32.2(b), 32.4(a) (West 1996).
 
 
 9
 Rule 32.1(f) provides that a person convicted of or sentenced for a criminal offense may institute a proceeding to secure relief on the grounds that "the defendant's failure to appeal from the judgment, sentence, or both within the prescribed time was without fault on the defendant's part." See Ariz. R.Crim. P. 32.1(f) (West 1996). Because Rule 32.1(f) refers to a "defendant's" failure to file a timely "appeal," it could be argued that Rule 32.1(f) cannot be invoked by Rule 32 petitioners whose failure to file a timely petition for review or Rule 32 petition was without fault on their part. Rule 32, however, governs post-conviction relief proceedings and repeatedly refers to "defendant" rather than "petitioner." See Ariz. R.Crim. P. 32.1(g), 32.2(a), 32.2(a)(3) (comment), 32.4(a),(c),(d), 32.5, 32.6, 32.7, 32.8. In addition, Rule 32.2(b) expressly provides that Rule 32.1(f) claims may be raised in a successive or untimely petition. See Ariz. R.Crim. P. 32.2(b) (West 1996).[2]
 
 
 10
 Federal review of Moreno's claims is barred only if a mandatory rule of state law precludes Moreno from raising his claims at this date. See Johnson, 929 F.2d at 462-64; cf. Coleman, 501 U.S. at 735 n. 1, 111 S.Ct. at 2557 n. 1. If Moreno still may raise these claims in state court, they are not barred from ultimate federal review, but first must be exhausted in state court. See Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).
 
 
 11
 Since Rule 32.2(b) was amended, the Arizona appellate courts have not addressed whether Rule 32.1(f) may be invoked by a Rule 32 petitioner whose failure to file a timely petition for review or a Rule 32 petition arguably was (1) attributable to counsel and (2) "without fault on the defendant's part."[3]
 
 
 12
 We find that questions of state law may be determinative of the claims currently pending in this court. We additionally find that there is no controlling precedent in the decisions of the Arizona Supreme Court or in the Arizona Courts of Appeals. Pursuant to Ariz.Rev.Stat. § 12-1861 (West 1994) and Arizona Supreme Court Rule 27 (West 1988 & Supp.1996), we accordingly certify the following two questions to the Arizona Supreme Court:
 
 
 13
 (1) May Moreno raise his claims pursuant to Rule 32.1(f) by alleging that his failure to file a timely petition for review or a Rule 32 petition was without fault on his part?
 
 
 14
 (2) Does any mandatory rule of state law bar Moreno from raising his claims at this date?
 
 
 15
 We respectfully request the Arizona Supreme Court to exercise its discretionary authority under Arizona Supreme Court Rule 27 to accept and decide these questions. Our phrasing of the questions should not restrict the Court's consideration of the problems and issues involved. If the Arizona Supreme Court declines certification, it should so state, and we will resolve the issues according to our perception of Arizona law.
 
 
 16
 The Clerk of this court will file with the Arizona Supreme Court an original and six certified copies of this order and a list of the counsel appearing in this matter along with their addresses and telephone numbers. See Ariz. S.Ct. R. 27(a)(3)(D), (a)(4). The Arizona Supreme Court may supplement the record in any way it believes appropriate to enable it to answer the certified questions. See Ariz. S.Ct. R. 27(a)(5). Any court fees and costs incurred in state proceedings shall be paid by Respondents. See Ariz. S.Ct. R. 27(a)(3)(D). The panel otherwise retains jurisdiction over this appeal.
 
 
 17
 QUESTIONS CERTIFIED.
 
 
 
 [1]
 Presentation of a claim by a habeas corpus petition directed to the Arizona Supreme Court does not exhaust state remedies for federal habeas purposes. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994); see also Ariz. R.Crim. P. 32.3 (West 1996)
 
 
 [2]
 Rule 32.2(b) provides:
 Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d),(e),(f) and (g). When a claim under Rules 32.1(d),(e),(f) or (g) is raised in a successive or untimely petition, the petition must set forth the reasons for not raising the claim in a previous petition or in a timely manner. If meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the petition shall be summarily dismissed.
 
 
 [3]
 The Arizona Court of Appeals previously noted that "[w]hile the superior court has jurisdiction in a Rule 32 proceeding to authorize a late appeal from a conviction, our Rules of Criminal Procedure do not presently provide the trial court with a corresponding authority to authorize the filing of a delayed petition for review." State v. Bender, 116 Ariz. 374, 569 P.2d 316, 317 (Ariz.Ct.App.1977). Since Bender was decided, however, Rule 32.2(b) was amended to include 32.1(f). See also Tacho v. Martinez, 862 F.2d 1376, 1379 (9th Cir.1988) (Tacho procedurally defaulted when he failed to raise claims in state Rule 32 proceedings; Tacho was decided before Rule 32 was amended in 1992). It is possible that Arizona courts now have the authority to authorize the filing of a delayed petition for review