964 P.2d 349 (1998)
136 Wash.2d 383
Certification from the United States District Court for the Western District of Washington In Alexis SHUMWAY, Petitioner,
v.
Alice PAYNE, Respondent.
No. 65602-9
Supreme Court of Washington, En Banc.
Argued January 13, 1998.
Decided September 17, 1998.
*350 Russell Hauge, Kitsap County Prosecutor, Pamela B. Loginsky, Deputy, Port Orchard, Jim Krider, Snohomish County Prosecutor, S. Aaron Fine, Deputy, Everett, amicus curiae on behalf of Washington Association of Prosecuting Attorneys.
Sheryl G. McCloud, Allen & Hansen, Todd Maybrown, Seattle, for Petitioner.
Christine Gregoire, Attorney General, Daniel J. Judge, Assistant Attorney General, Olympia, Erin M. Moore, Seattle, for Respondent.
GUY, Justice.
In August 1991, a jury found Alexis Shumway guilty of the first degree premeditated murder of her grandmother. Ms. Shumway has taken advantage of her right to pursue appellate review and to collaterally attack her conviction in the courts of this state, as well as in federal court. She has most recently filed a petition for writ of habeas corpus in the United States District Court for the Western District of Washington. In that proceeding, Respondent Alice Payne, Superintendent of the Washington Corrections Center for Women (hereafter referred to as State), argued that two of the claims raised by Ms. Shumway, those of severance and ineffective assistance of trial counsel, are procedurally barred from the federal court's consideration because they were never presented *351 to this court. The federal magistrate judge agreed that exhaustion of state court remedies is a prerequisite to the habeas action but was uncertain whether Ms. Shumway still had a right to seek review in this court. Accordingly, the federal district court certified the following two questions to this court, pursuant to RCW 2.60 and RAP 16.16:
1. May petitioner obtain discretionary review of her severance and ineffective assistance of counsel claims now, upon a proper showing from counsel regarding her failure to seek such review earlier?
2. Does any mandatory rule of state law bar petitioner from raising these two claims at this time?
We accepted certification of the issues and now answer "no" to the first question and "yes" to the second.

FACTS
Petitioner Alexis Shumway and her mother, Jimmie Jean Shumway, planned and executed the murder of Alexis's maternal grandmother in 1990. Both Ms. Shumway and her mother confessed to the crime, and their pretrial motions to suppress the confessions were denied. Following the denial of motions for severance, Ms. Shumway and her mother were tried together. The confessions of each were admitted at trial, after those portions relating to the other were redacted from the confessions.
Both Alexis Shumway and her mother were convicted. Prior to sentencing, Ms. Shumway was examined by a psychologist who submitted a report, for purposes of sentencing, stating that Ms. Shumway was greatly influenced by her dependent and pathological relationship with her mother. The psychologist opined that this factor, along with others, "clearly impaired her volitional capacity in the face of her mother's plan and desire to end her grandmother's life." Ex. 23 App. F at 5.
Ms. Shumway appealed her conviction, raising eight issues on direct appeal, including whether the trial court erred in denying her motion to sever while admitting the redacted confession of Ms. Shumway's mother. On December 19, 1994, the Court of Appeals affirmed the conviction in an unpublished opinion. State v. Shumway, 76 Wash.App. 1046 (1994).[1] A motion for reconsideration was denied on January 26, 1995. Ms. Shumway timely filed a petition for review to this court. She raised two issues in that petition, including whether the trial court erred in admitting the redacted confession of her mother. However, she did not raise the severance issue in this court. This court denied review, State v. Shumway, 126 Wash.2d 1023, 896 P.2d 63 (1995), and the Court of Appeals issued its mandate on June 26, 1995.
Ms. Shumway then filed a petition for writ of certiorari in the United States Supreme Court. She raised three issues but did not include the severance issue. The petition for writ of certiorari was denied on January 22, 1996. Shumway v. Washington, 516 U.S. 1095, 116 S.Ct. 819, 133 L.Ed.2d 762 (1996).
Six months later, in July 1996, Ms. Shumway, acting pro se, filed a personal restraint petition in the Court of Appeals. She challenged her conviction on three grounds, one of which was the trial court's refusal to sever and another was ineffective assistance of trial counsel for failing to raise diminished capacity as a defense to the murder charge. The Acting Chief Judge of the Court of Appeals dismissed the petition on September 30, 1996, holding that Ms. Shumway was barred from raising the severance issue on collateral attack because the issue already had been determined on direct appeal. Additionally, the Acting Chief Judge held that Ms. Shumway did not establish a claim of ineffective assistance of counsel. At the time it notified her of the order dismissing her personal restraint petition, the Court of Appeals informed Ms. Shumway of the method and rules governing discretionary review of the Court of Appeals decision. Ms. Shumway did not seek discretionary review of the Court of Appeals order. She does not deny that she was advised of her right to seek *352 discretionary review. Instead, she claims that she did not move for discretionary review in this court because an attorney she consulted on an informal basis may have told her that she did not need to file the motion.[2]
Ms. Shumway filed a petition for habeas corpus in federal district court on January 31, 1997. That petition raises essentially six claims for relief, including the severance claim and the ineffective assistance claim. On motion for summary judgment in the federal court action, the State argued that Ms. Shumway had failed to exhaust her remedies in state court with respect to the severance and ineffective assistance claims and thus was barred from raising those issues in a habeas action in federal court. The federal district court agreed that exhaustion on each claim was a prerequisite to the habeas action. As noted above, the district court then asked this court to answer the following:

CERTIFIED QUESTIONS
1. May petitioner obtain discretionary review of her severance and ineffective assistance of counsel claims now, upon a proper showing from counsel regarding her failure to seek such review earlier?
2. Does any mandatory rule of state law bar petitioner from raising these two claims at this time?

ANALYSIS
A federal court will not consider a state prisoner's habeas corpus petition unless the habeas petitioner has exhausted all of the remedies available in the courts of the state. 28 U.S.C. § 2254. The exhaustion requirement is not satisfied until the petitioner demonstrates that each of the claims presented in the habeas petition has previously been presented to the state's highest court, or that no state remedy is available, and that any remedy that did exist was not deliberately bypassed. Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir.1992). Presentation of a claim to the state's highest court is necessary to satisfy the exhaustion requirement, even when that court's review is discretionary. Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir.1995).
If a petitioner fails to demonstrate exhaustion, the federal court will determine whether a "mandatory rule of state law" precludes the petitioner from raising the claims in state court at the time review of the habeas petition is sought. Moreno v. Gonzalez, 116 F.3d 409, 411 (9th Cir.1997) (citing Johnson v. Lewis, 929 F.2d 460, 462-64 (9th Cir.1991) and Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); Binford v. Rhode, 116 F.3d 396, 399 (9th Cir.1997). If the habeas petitioner may still raise the claims in state court, "they are not barred from ultimate federal review, but first must be exhausted in state court." Moreno, 116 F.3d at 411 (citing Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)); Binford, 116 F.3d at 399. If petitioner no longer has the right to seek review in state court, then federal review of the unexhausted claims is barred. Moreno, 116 F.3d at 411.
Uncertain as to how Washington law would apply under the particular facts of this case, the federal court fashioned its two questions based on the language of the Moreno and Binford decisions.
Our jurisdiction into this matter is limited to answering the questions certified. RCW 2.60.020; RAP 16.16(a); Wilmot v. Kaiser Aluminum & Chem. Corp., 118 Wash.2d 46, 77, 821 P.2d 18 (1991). In order to fully understand the depth of the response sought by the federal court, we look to the order of the federal magistrate judge. That order states:
Before finding these claims procedurally barred, this Court must determine that no state remedy is still available. It is not absolutely clear that a mandatory rule of state law would apply under the circumstances here to preclude petitioner from raising her claims to the Washington Supreme Court. Until that question is resolved, claims number Four and Six [relating *353 to severance and ineffective assistance of counsel] cannot be considered as exhausted.
A collateral attack on a conviction outside the one-year time limit set by Washington state law may be allowed under certain narrowly-defined circumstances. It is possible that the Washington Supreme Court could apply one of these exceptions to allow petitioner to file a new Personal Restraint Petition presenting her unexhausted claims. Such a subsequent petition, even one raising claims raised previously, may be allowed when the ends of justice would be served thereby. New grounds may be raised in a subsequent petition upon a showing of good cause.
Since petitioner's counsel in this matter is the one who failed to move the Washington Supreme Court for discretionary review of the Personal Restraint Petition, she has information which may be able to satisfy one of these requirements. It is not for this Court to make that determination, nor to speculate as to how the Washington Supreme Court would resolve this issue....
Order at 3, Shumway v. Payne, No. C96-1941WD (W.D.Wash. July 17, 1997) (citations omitted).
In this order, the federal magistrate judge recognizes that there are exceptions to Washington's limits on subsequent and tardy petitions and motions for discretionary review. Although the certified questions are phrased in terms of possibilities and absolutes, we read the questions as asking us to decide more than whether review by Ms. Shumway in this court is hypothetically possible. The questions ask whether Ms. Shumway may now obtain review of her severance and ineffective assistance claims in this court.
There are three conceivable avenues by which a criminal defendant in the position of Ms. Shumway might seek review in this court of issues relating to her conviction or incarceration. The first is by filing a petition for review of the Court of Appeals decision on direct appeal. The second is by filing a motion for discretionary review of the Court of Appeals dismissal of her personal restraint petition. The third is by filing a second personal restraint petition, pursuant to RCW 10.73.140 or RAP 16.7. Under the facts of this case, none of these avenues remains open to Ms. Shumway.

Petition for Review in Direct Appeal
There is no basis under Washington law for Ms. Shumway to now raise the severance issue as part of her direct appeal. It has been three years since this court denied Ms. Shumway's petition for review of the Court of Appeals decision on her direct appeal. Ms. Shumway does not seriously argue, nor could she, that this court should (1) order the Court of Appeals to recall its mandate in this case; (2) vacate our order denying the petition for review; or (3) grant Ms. Shumway a three-year extension of time in which to file an amended petition for review so that she might correct the tactical or inadvertent omission of the severance issue in her original petition.
RAP 13.4 requires a party seeking discretionary review of a Court of Appeals decision on direct appeal to file a petition for review within 30 days of the entry of the decision or order terminating review. A petition for review will be granted only in certain circumscribed cases, RAP 13.4(b), and, if this court accepts review, the court will review only the questions raised in the petition and in the answer to the petition, unless the court orders otherwise. RAP 13.7(b).
Ms. Shumway did not raise the severance issue in her petition for review, and we denied review of the petition which she filed in this court. The Court of Appeals then issued its mandate, relieving the appellate courts in this state of jurisdiction to revisit and act on the merits of the case. See Reeploeg v. Jensen, 81 Wash.2d 541, 547, 503 P.2d 99 (1972).
RAP 12.9(b) provides that an "appellate court may recall a mandate issued by it to correct an inadvertent mistake or to modify a decision obtained by the fraud of a party or counsel in the appellate court." (Emphasis added.) We have been cited no authority to support an interpretation of this rule that would authorize this court to order the Court of Appeals to recall its mandate in order to *354 provide a party the opportunity to add an issue to a petition that has already been denied. See Reeploeg, 81 Wash.2d at 546, 503 P.2d 99 (to require courts to consider and reconsider cases at the will of litigants would deprive the courts of that stability which is necessary in the administration of justice) (citing Kosten v. Fleming, 17 Wash.2d 500, 505, 136 P.2d 449 (1943)); 3 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE 348 (4th ed.1991) (the rule should not be considered as authorizing a recall of the mandate for the purpose of reexamining the case on its merits). Additionally, RAP 12.9(c) requires a motion to recall a mandate to be made within a reasonable time. The mandate in this case was issued by the Court of Appeals on June 26, 1995. More than 1,000 days have passed since the mandate was issued. There is no argument on behalf of Ms. Shumway attempting to explain why allowing this passage of time before seeking relief should be deemed reasonable.
Even if Ms. Shumway were able to demonstrate that the mandate issued by the Court of Appeals shouldand couldbe recalled, there is no procedure under our appellate rules to amend a petition for review after review has been denied by this court.
Ms. Shumway no longer has an opportunity to seek discretionary review in this court of the Court of Appeals decision, on direct appeal, that the trial court properly denied her motion to sever.

Motion for Discretionary Review in Personal Restraint Petition Proceeding
Ms. Shumway argues that she should be granted an extension of time in which to file her motion for discretionary review of the Court of Appeals dismissal of her personal restraint petition. However, Ms. Shumway is unable to demonstrate circumstances that meet the high standard required before such an extension may be granted.
RAP 16.14(c), governing review of personal restraint petitions, provides:
If the petition is dismissed by the Chief Judge or decided by the Court of Appeals on the merits, the decision is subject to review by the Supreme Court only by a motion for discretionary review on the terms and in the manner provided in rule 13.5(a), (b), and (c).
RAP 13.5 requires that a motion for discretionary review be filed within 30 days after the Court of Appeals has filed its decision. In providing Ms. Shumway a copy of the order dismissing her personal restraint petition, the Court of Appeals sent a letter to Ms. Shumway informing her that she could file a motion for discretionary review in this court. Ms. Shumway did not request review at that time. She now seeks an extension of timeof more than one yearfor filing the motion.
RAP 1.2(a) generally requires a liberal interpretation of the rules on appeal, and RAP 1.2(c) permits an appellate court to waive the provisions of any court rule "in order to serve the ends of justice, subject to the restrictions in rule 18.8(b) and (c)." RAP 18.8(b) is a specific exception to the rule of liberality. That rule provides:
The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a ... motion for discretionary review of a decision of the Court of Appeals, a petition for review, or a motion for reconsideration. The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section....
Pybas v. Paolino, 73 Wash.App. 393, 401, 869 P.2d 427 (1994), explained the purpose of the rule as follows:
RAP 18.8(b), by limiting the extension of time to file a notice of appeal to those cases involving "extraordinary circumstances and to prevent a gross miscarriage of justice", expresses a public policy preference for the finality of judicial decisions over the competing policy of reaching the merits in every case.
"Extraordinary circumstances" include instances where the filing, despite reasonable diligence, was defective due to excusable *355 error or circumstances beyond the party's control. Hoirup v. Empire Airways, Inc., 69 Wash.App. 479, 482, 848 P.2d 1337 (1993); Reichelt v. Raymark Indus., Inc., 52 Wash.App. 763, 765, 764 P.2d 653 (1988). The standard set forth in the rule is rarely satisfied. Scannell v. State, 128 Wash.2d 829, 833-34, 912 P.2d 489 (1996) (citing to Reichelt). See also Schaefco, Inc. v. Columbia River Gorge Comm'n, 121 Wash.2d 366, 849 P.2d 1225 (1993).
In Reichelt, the Court of Appeals refused to extend the time for filing a notice of appeal which was filed 10 days late. The Court of Appeals rejected the appellant's argument that because one of the two trial attorneys on the case left the firm during the 30 days following entry of judgment, and the firm's appellate attorney had an unusually heavy work load at the time, extraordinary circumstances existed justifying an extension of time to avoid a gross miscarriage of justice. The court considered a lack of prejudice to the respondent as irrelevant and noted that the prejudice of granting an extension of time would be "to the appellate system and to litigants generally, who are entitled to an end to their day in court." Reichelt, 52 Wash.App. at 766 n. 2, 764 P.2d 653.
In Scannell, this court determined that extraordinary circumstances did exist and we granted an extension of time for filing a notice of appeal. In Scannell we held that the petitioner's confusion over a change in the appellate rules, his reasonable diligence in carefully following the prior rules, and his good faith attempt to timely file his notice of appeal warranted leniency. Scannell, 128 Wash.2d at 834-35, 912 P.2d 489. We cautioned, in Scannell, that other future misinterpretations of the new rules would not be treated with equal leniency.
In the present case, Ms. Shumway asks this court to find extraordinary circumstances exist that require an extension of time in order to prevent a gross miscarriage of justice. She explains that she did not file a motion for discretionary review in this court because the attorney who represented her on direct appeal and who informally consulted with her in the preparation of her personal restraint petition may have told her that it was not necessary to ask this court for review in order to pursue a habeas action in federal court.[3]
Ms. Shumway does not claim reasonable diligence, confusion about the method of seeking review, excusable error in interpreting the rules, or circumstances beyond her control. She does not claim that she attempted in good faith to secure review. Instead, she argues that she did not believe review in this court was necessary in order for her to present her claims to the federal court.
The erroneous advice of an attorney regarding the effect of a Court of Appeals decision on a different action in another jurisdiction is not an extraordinary circumstance, under RAP 18.8(b), which justifies an extension of time of more than one year for filing a petition for review. Reichelt, 52 Wash.App. 763, 764 P.2d 653. There is not a sufficient basis in this case to justify granting a motion for extension of time within which to file a motion for discretionary review.
Ms. Shumway has no right to seek discretionary review of the order dismissing her personal restraint petition.

Mandatory Rule Barring Petitioner from Raising Her Claims at this Time
This state's Rules of Appellate Procedure, RAP 16.3 through 16.15, establish a single procedurethe personal restraint petitionfor challenging an alleged unlawful restraint. Consideration of a personal restraint petition is restricted, under RAP 16.4(d), as follows:
The appellate court will only grant relief by a personal restraint petition if other *356 remedies which may be available to petitioner are inadequate under the circumstances and if such relief may be granted under RCW 10.73.090, .100, and .130. No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown.
(Emphasis added.)
RCW 10.73.090 subjects collateral attacks on judgments or sentences in criminal cases to a one-year statute of limitation. The statute provides, in pertinent part:
(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
Under RCW 10.73.090(3)(c), the judgment in Ms. Shumway's case became final on January 22, 1996, the day the United States Supreme Court denied her petition for writ of certiorari.
The statute of limitation set forth in RCW 10.73.090(1) is a mandatory rule that acts as a bar to appellate court consideration of personal restraint petitions filed after the limitation period has passed, unless the petitioner demonstrates that the petition is based solely on one or more of the following grounds:
(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;
(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;
(5) The sentence imposed was in excess of the court's jurisdiction; or
(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.
RCW 10.73.100.[4]See also State v. King, 130 Wash.2d 517, 530-31, 925 P.2d 606 (1996); In re Detention of Aguilar, 77 Wash.App. 596, 603, 892 P.2d 1091 (1995).
Ms. Shumway concedes that none of these exceptions to the statute of limitation applies in her case. Instead, she argues that this court has applied a "good cause" exception to the one-year statute of limitation when a successive personal restraint petition is filed under RCW 10.73.140 or RAP 16.4(d). While it is true that a personal restraint petitioner must demonstrate good cause before an appellate court will consider a second petition for similar relief on behalf of the same petitioner, this requirement is in addition tonot an exception tothe requirement that the petitioner comply with the one-year limitation period set forth in RCW 10.73.090 and .100. See RAP 16.4(d).
Ms. Shumway, citing RAP 1.2(c) and RAP 18.8, also argues that this court may waive the statutory limitation period. We recently rejected a similar argument in In re Personal Restraint of Benn, 134 Wash.2d 868, 938-39, 952 P.2d 116 (1998), where we held:
With limited exceptions, postconviction challenges must be brought within one year after a conviction becomes final. RCW 10.73.090, .100.... The defendant... relies on RAP 18.8(a), which says the appellate court may "waive or alter the provisions of any of these rules and enlarge or shorten the time within which an act must be done...." (Emphasis added).

*357 The defendant is not seeking a waiver of a court rule, however, but of a statute of limitation. RAP 18.8(a) does not allow the court to waive or alter statutes.
RCW 10.73.090 imposes a constitutionally valid "time limit" as a means of controlling the flow of postconviction collateral relief petitions. This court recently reiterated its observation that collateral relief "`undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders....'" In re Personal Restraint of Cook, 114 Wash.2d 802, 809, 792 P.2d 506 (1990) (quoting In re Personal Restraint of Hews, 99 Wash.2d 80, 86, 660 P.2d 263 (1983)); In re Personal Restraint of Well, 133 Wash.2d 433, 441-42, 946 P.2d 750 (1997) (holding that the 1996 personal restraint petition of an individual committed in 1980 pursuant to an insanity plea was procedurally barred because it was filed after the one-year time bar set forth in RCW 10.73.090, and because the grounds for relief did not fall within the exceptions to the limitation period).
In order to file a second personal restraint petition, Ms. Shumway would have to make a threshold showing that the petition was filed within one year of the date her conviction became final, or that the grounds stated in the petition fell within one of the exceptions listed in RCW 10.73.100. She is unable to meet this threshold burden. Both RAP 16.4(d) and RCW 10.73.090 prevent the court from considering a personal restraint petition that does not meet this standard.

CONCLUSION
Ms. Shumway has no right to discretionary review of her severance claim, or of her ineffective assistance of counsel claim. Washington's mandatory restriction on the time period within which a personal restraint petition may be filed bars consideration of any subsequent petition filed by Ms. Shumway.
Accordingly, we answer "no" to the first certified question and "yes" to the second.
DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON, MADSEN and TALMADGE, JJ., concur.
SANDERS, Justice, dissenting.
While the majority admits the certified questions are "phrased in terms of possibilities and absolutes," Majority at 353, it refuses to simply answer the questions as posed, preferring to render an advisory opinion on facts not before us. Clearly Ms. Shumway may avail herself of the relief she seeks upon a "proper showing," and no mandatory state rule would bar her way.
This case arises under the federal rule which provides a habeas corpus petition must be dismissed if a prisoner is barred from raising the issue by a mandatory state rule. 28 U.S.C.A. § 2254(b)(1) (Supp.1998).[1] However, if no mandatory state rule bars further review by a state's highest court, a federal habeas corpus petition is not so barred. Moreno v. Gonzalez, 116 F.3d 409, 411 (9th Cir.1997) ("Federal review of Moreno's claims is barred only if a mandatory rule of state law precludes Moreno from raising his claims at this date [in state court]. If Moreno still may raise these claims in state court, they are not barred from ultimate federal review, but first must be exhausted in state court.") (citations omitted); Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir.1992) (When the state court is not barred by a mandatory rule from reviewing the issue, "the petitioner's failure to comply with state procedures will be excused notwithstanding his failure to demonstrate cause and prejudice; in such case, the court may entertain the habeas petition.") (citations omitted).
Therefore, survival of Shumway's federal writ of habeas corpus petition depends not on whether Shumway would be successful in obtaining review from this Court, but rather whether a mandatory state rule places an unqualified bar on this Court's power to review her state claims at this point. This raises a question of law, not of fact.

*358 Scope of the Certified Questions
When a federal court certifies a question to this Court, this Court answers only the discrete question certified and lacks jurisdiction to go further. Louisiana-Pacific Corp. v. Asarco Inc., 131 Wash.2d 587, 604, 934 P.2d 685 (1997) ("We do not have jurisdiction to go beyond the specific question presented by the Certification Order.") (citing Bird-Johnson Corp. v. Dana Corp., 119 Wash.2d 423, 425 n. 1, 833 P.2d 375 (1992)).
Here we are not asked to grant or deny review of any issues relating to or challenging Shumway's conviction. Indeed, the record does not even contain a copy of Shumway's federal habeas corpus petition. The only questions before this Court are those certified, i.e., whether this Court may review Shumway's conviction at this juncture upon a proper showing by Shumway.
Obviously, this Court may review Shumway's conviction by either: (1) granting a petition for discretionary review; or (2) granting a second personal restraint petition (PRP) filed directly in this Court. The State's response is that this Court would not in fact entertain either of these petitions on their merits if they were filed at this late date. But we are not asked whether this Court would but rather whether it may grant review.

Discretionary Review
Even at this juncture this Court may grant a petition for discretionary review of Shumway's conviction. In particular, Shumway may seek review of either: (1) that portion of the Court of Appeals decision affirming her conviction which rejected the severance claim she made in her direct appeal; or (2) that portion of the Court of Appeals decision dismissing her PRP which dismissed her severance claim.
The only arguable bar to filing a petition for discretionary review of the Court of Appeals decision at this stage is the 30-day time limit, as RAP 13.4(a) and 13.5(a) provide petitions and motions for discretionary review should be filed within 30 days after the underlying decision becomes final. Although 30 days have clearly passed, the Rules of Appellate Procedure explicitly allow an untimely petition for discretionary review "to serve the ends of justice" if there are "extraordinary circumstances" present. RAP 1.2(c); RAP 18.8(b).
For example, in Scannell v. State, 128 Wash.2d 829, 831, 912 P.2d 489 (1996) we allowed a litigant to file a petition for discretionary review several months after the fact upon a finding of extraordinary circumstances. Those circumstances included the fact the procedural rules recently changed and created a "trap for the unwary." Id. at 833, 912 P.2d 489. We applied the exception, holding the pro se petitioner's failure was reasonable and innocent, reasoning denial of the petition would have caused a drastic result. Id. at 833-35, 912 P.2d 489. Compare Schaefco, Inc. v. Columbia River Gorge Comm'n, 121 Wash.2d 366, 849 P.2d 1225 (1993) (one month delay inexcusable absent a showing of extraordinary circumstances).
Thus, this Court plainly has the jurisdiction to entertain a petition for review filed beyond the 30-day time limit upon a "proper showing" by the petitioner of exceptional circumstances, and the questions here certified assume counsel would be able to make such a proper showing.
The State further asserts this Court would be barred from reaching any petition or motion for discretionary review because the case has been mandated. See RAP 12.5-12.7. Notwithstanding, this Court has the power to recall a mandate as RAP 12.9(b) provides, "The appellate court may recall a mandate issued by it to correct an inadvertent mistake or to modify a decision obtained by the fraud of a party or counsel in the appellate court." No case to date has applied the current version of this rule to recall a mandate upon a proper showing of exceptional circumstances. However, the first case we heard this term, State v. Ford, No. 62075-0 (Oral Argument) (Wash. Supreme Court, Jan. 13, 1998) involved a mandated case which this Court recalled to review on its merits.
A "proper showing" would demonstrate either inadvertent mistake or fraud and, upon that showing, the mandate may be recalled.
*359 Further, to the extent Shumway seeks discretionary review of the Court of Appeals dismissal of her second state court PRP, there would be no mandate to be recalled. See RAP 12.5(a) ("No mandate issues for an interlocutory decision of the appellate court."). The majority opinion ignores this eventuality.
The conclusion must therefore follow as a matter of law that this Court is not barred by any mandatory procedural rule to grant discretionary review of Shumway's two issues at this point. Further the Rules of Appellate Procedure expressly allow review upon a proper showing of exceptional circumstances. Such is also in keeping with the overarching principle that procedural rules must be liberally construed to meet the ends of justice and reach the merits of cases. Sheldon v. Fettig, 129 Wash.2d 601, 609, 919 P.2d 1209 (1996).

Discretion to Hear a Second PRP
This Court also has the discretion to reach the merits of Shumway's conviction if Shumway were to file a second PRP directly to this Court.
The State asserts that because Shumway has already filed one PRP in the Washington courts she is barred from filing a second. While the general rule is a prisoner may file only one PRP in Washington courts, this Court recently affirmed its authority to hear a successive PRP for good cause. In re Personal Restraint of Johnson, 131 Wash.2d 558, 933 P.2d 1019 (1997).
The State further contends that in any event this Court cannot entertain a second petition because one year has lapsed since Shumway's sentence became final, see RAP 16.4(d), as RCW 10.73.090 provides a one-year statute of limitations on collateral attacks on sentences or judgments in criminal cases. However, there are six exceptions to the one-year limitation. RCW 10.73.100. For example, if Shumway can make a proper showing that newly discovered evidence (RCW 10.73.100(1)) explains why counsel erred in not including the remaining issues in the original PRP, the one-year bar would not apply. Further, if counsel can make a proper showing that Shumway was not notified of the one-year limit, the time limit would not apply. In re Personal Restraint of Vega, 118 Wash.2d 449, 823 P.2d 1111 (1992).
The majority dismisses the possibility of Shumway's filing a second PRP by simply asserting such a PRP is barred by the applicable statute of limitations and would not fit into one of the exceptions. Majority at 356-357. However, once again the majority answers the wrong question. The question is whether this Court may, not whether it would, grant a second PRP upon a proper showing by Shumway.
This Court has not been called upon to examine the merits of Shumway's claims of good cause. Rather, we are called upon to determine if it is still possible for her to obtain review by this Court of her second PRP. The answer to that question must be in the affirmative.
ALEXANDER, J., concurs.
NOTES
[1] Pages 5 to 22 of the slip opinion show the bases for the Court of Appeals reasoning on the severance issue.
[2] In an affidavit submitted to this court, the attorney states: "I believe, although I am not certain, that I told Ms. Shumway that she did not need to file any motion for discretionary review." Supplemental Decl. of Sheryl Gordon McCloud at 2.
[3] Ms. Shumway was not represented by counsel in the personal restraint proceeding. She represented herself, pro se, in filing and pursuing the personal restraint petition. Additionally, because there is no constitutional right to counsel in pursuing a personal restraint petition, there can be no constitutionally ineffective assistance of counsel. The personal restraint petitioner bears the risk of attorney error and, therefore, there is no gross miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 752-53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); In re Personal Restraint of Runyan, 121 Wash.2d 432, 448-49, 853 P.2d 424 (1993).
[4] The time restrictions set forth in RCW 10.73.090-.100 were determined to be constitutional in In re Personal Restraint of Runyan, 121 Wash.2d 432, 853 P.2d 424 (1993).
[1] 28 U.S.C.A. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
(A) the applicant has exhausted the remedies available in the courts of the State; ....