# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint of<br><br>WELDON MARK GILBERT,<br><br>       Petitioner. | No. 54188-2-II<br><br><br><br>PUBLISHED OPINION |

CRUSER, J. — In this personal restraint petition (PRP), Weldon Gilbert challenges his guilty pleas to child molestation in the second and third degree. Gilbert argues (1) that his PRP is timely because he raises a double jeopardy challenge, which is an exception to the one-year time limit in which to file a PRP, and (2) his state convictions for child molestation violated double jeopardy because he had already been convicted in federal court for sexual exploitation of a child in the production of child pornography.

We hold that Gilbert fails to demonstrate his PRP is timely under the constitutional double jeopardy exception. Accordingly, we dismiss Gilbert's PRP.

## FACTS

Gilbert sexually abused minors for at least six years before being arrested. Both Pierce County and the federal government brought multiple charges against Gilbert for his repeated abuse of multiple victims, abuse that he filmed.

Gilbert pleaded guilty in federal court to 31 counts of sexual exploitation of a child in the production of child pornography under 18 U.S.C. § 2251(a) and (e) and § 2256. The federal charges

encompassed Gilbert's abuse of 16 different victims. Gilbert was sentenced to 300 months in prison.

Three years later, Gilbert pleaded guilty to 14 counts of child molestation in the second and third degree in Pierce County Superior Court. Five of the seven victims listed in the Pierce County charges were also listed as victims in the federal counts.

Gilbert's Pierce County judgment and sentence was entered on November 6, 2012. On October 11, 2019, Gilbert filed this PRP. In his PRP, Gilbert claims that each of his 14 state convictions for child molestation violate the prohibition on double jeopardy.

## TIMELINESS

A personal restraint petitioner must "make a threshold showing that the petition was filed within one year of the date [his] conviction became final, or that the grounds stated in the petition [fall] within one of the exceptions listed in RCW 10.73.100." *Shumway v. Payne*, 136 Wn.2d 383, 400, 964 P.2d 349 (1998). The State contends that Gilbert's petition, which was filed more than one year after his case became final, is time barred because his double jeopardy claim does not fall within the constitutional double jeopardy exception to the time bar under RCW 10.73.100(3). This is so, the State argues, because the double jeopardy claim at issue is statutory rather than constitutional. Gilbert disagrees, arguing that his double jeopardy claim falls within the constitutional double jeopardy exception, in spite of its statutory origin.

We hold that Gilbert's petition is untimely because his claim does not fall within the constitutional double jeopardy exception to the time bar.

No. 54188-2-II

## A. LEGAL PRINCIPLES

### 1. PRP One-Year Time Limit

A PRP must be timely filed within "one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). The time limit specified in RCW 10.73.090(1) does not apply, however, to a petition that is based solely on one or more of the grounds listed in RCW 10.73.100. The petitioner has the burden of proving that an exception applies to the claims raised in the petition. *State v. Schwab*, 141 Wn. App. 85, 90, 167 P.3d 1225 (2007) (citing *Shumway*, 136 Wn.2d at 400). RCW 10.73.100(3) contains an exception to the time bar when "[t]he conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution."

### 2. Double Jeopardy

Under the United States Constitution, double jeopardy does not apply to convictions for the same act arising under both federal and state law because the federal government and state government are considered dual sovereigns. *Gamble v. United States*, 139 S. Ct. 1960, 1965, 204 L. Ed. 2d 322 (2019). States are not bound by the dual sovereignty doctrine and may choose, either through a state constitutional provision or by statute, to extend double jeopardy protection to bar a state conviction if the conviction is predicated on the same act that already resulted in a federal conviction. *State v. Caliguri*, 99 Wn.2d 501, 511, 664 P.2d 466 (1983) (citing *Bartkus v. Illinois*, 359 U.S. 121, 137, 79 S. Ct. 676, 685, 3 L. Ed. 2d 684 (1959)).

Washington has not enacted a state constitutional provision rejecting the dual sovereignty doctrine. Rather, Washington has rejected the dual sovereignty doctrine by enacting RCW

3

10.43.040. *State v. Ivie*, 136 Wn.2d 173, 178-79, 961 P.2d 941 (1998). RCW 10.43.040 provides that the State is prohibited from prosecuting a defendant for an act or omission if the defendant has already been convicted or acquitted for that same act or omission by another sovereign, including the federal government. *Id.* at 176.

Washington courts have consistently recognized that the double jeopardy protection under RCW 10.43.040 is a statutory protection, distinct from the protection in the Washington Constitution. Four cases demonstrate this principle.

In *In re Personal Restraint of Cook*, our supreme court was asked to determine whether RAP 16.4(d) applies to petitions "advancing nonconstitutional issues." 114 Wn.2d 802, 804-05, 807, 792 P.2d 506 (1990). The nonconstitutional issue the petitioner sought to raise in that case was a claim of double jeopardy arising from his prosecution for the same act by a separate sovereign, in violation of RCW 10.43.040. *Id.* at 803-04. The court, treating it as axiomatic that a double jeopardy claim based on a violation of RCW 10.43.040 is a nonconstitutional, *statutory* claim, held that RAP 16.4(d) allows for both constitutional and nonconstitutional claims. *Id.* at 807, 813. Throughout its opinion, the court repeatedly characterizes the double jeopardy protection under RCW 10.43.040 as a nonconstitutional, statutory protection. *Id.* at 806-08, 812-14.

In *State v. Rudy*, 105 Wn.2d 921, 923, 719 P.2d 550 (1986), the supreme court addressed whether RCW 10.43.040 required dismissal of the defendant's Washington charges for burglary and kidnapping in light of his federal conviction for conspiracy to violate a federal law (the Hobbs Act). In holding that the state prosecution did not violate RCW 10.43.040, the supreme court observed at the outset that "no constitutional issue is involved in this case" because the federal constitution allows for convictions in dual sovereignties for the same crime. *Id.* at 924, 928. The

court then noted that Washington had elected to provide greater protection against double jeopardy than the federal constitution, and had done so by *statute*, citing to RCW 10.43.040. *Id.* at 924.

In *State v. Duncan*, 111 Wn.2d 859, 868, 765 P.2d 1300 (1989), our supreme court again characterized the double jeopardy protection provided by RCW 10.43.040 as a distinct, nonconstitutional protection by noting that "Washington has granted protection against double jeopardy in multiple jurisdictions *by statute*." (Emphasis added.)

In *State v. Moses*, 104 Wn. App. 153, 154-55, 15 P.3d 1058 (2001), *aff'd*, 145 Wn.2d 370, 37 P.3d 1216 (2002), the defendants, members of the Tulalip Tribes, were charged with hunting crimes by both the State of Washington and the Tulalip Tribes for the same offenses. In holding that RCW 10.43.040 did not bar the defendants' dual convictions, we noted that "[n]either defendant relies on, nor could [he] rely on, the Washington State Constitution." *Id.* at 156, 159. This was so, we said, because the Washington Constitution "does not prevent the State from prosecuting for an offense under state law merely because a separate sovereign has already prosecuted under its law for an offense with the same elements." *Id.* at 156.

B. ANALYSIS

Gilbert's PRP is not timely because his statutory double jeopardy challenge, which is predicated on the application of RCW 10.43.040, does not fall within any exception to the time bar in RCW 10.73.100. A petition is exempt from the time bar under RCW 10.73.100(3) if "[t]he conviction was barred by double jeopardy *under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution*." (Emphasis added). As we note above, Washington codified its rejection of the dual sovereignty doctrine in a statute, not in a state constitutional provision. Our state constitution, as the authorities cited above make clear, does not prohibit dual

prosecutions for the same act by separate sovereigns. *Cook*, 114 Wn.2d at 807, 813; *Duncan*, 111 Wn.2d at 868; *Rudy*, 105 Wn.2d at 924; *Moses*, 104 Wn. App. at 156.

Gilbert argues that RCW 10.43.040 does not codify a distinct statutory protection against double jeopardy. He contends, rather, that RCW 10.43.040, by rejecting the doctrine of dual sovereignty, merely operates to expand the definition of "same offense" as used in article 1, section 9 to include prosecutions for the same offense by dual sovereigns. Reply Br. of Pet'r. at 4.

Gilbert relies principally on *Caliguri*, 99 Wn.2d at 511-12, for his argument. *Caliguri*, however, does not support Gilbert's position and, if anything, supports the State's position.

In *Caliguri*, the court noted that whereas a few states have chosen to provide greater double jeopardy protection to defendants by construing their state constitutions as rejecting dual sovereignty, most of the states that have rejected dual sovereignty have done so by statute. 99 Wn.2d at 511. Comparing RCW 10.43.040 with article 1, section 9, the court held that RCW 10.43.040 provides broader protection from double jeopardy by focusing on the same "'act or omission'" rather than merely the "'same offense.'" *Id.* at 513-14. The court held that RCW 10.43.040 prohibits "state prosecution for any offense which is *in fact alone* identical to or included within an offense for which a defendant has been previously prosecuted in another jurisdiction."

*Id.* at 514 (emphasis added). This is distinct from the definition of "'same offense'" under article 1, section 9, which focuses on sameness in both fact and law. *Id.* at 513-14.[1]

Gilbert also relies on *Cook*. *See supra* p. 4. Gilbert suggests that because the *Cook* court observed that Cook's petition "'arguably fits'" within the grounds for relief in RAP 16.4(c)(2), the court was treating Cook's statutory double jeopardy claim as a constitutional claim. Reply Br. of Pet'r at 5 (quoting *Cook*, 114 Wn.2d at 812). Gilbert misconstrues *Cook*. RAP 16.4(c)(2) addresses cases in which the conviction or sentence was obtained in violation of the Constitution of the United States, the Washington Constitution, *or laws of the State of Washington*. Gilbert's reply brief, notably, omits the italicized portion of this sentence, focusing only on the portion of RAP 16.4(c)(2) that addresses state constitutional violations. This passage in *Cook* does not support Gilbert's contention that all double jeopardy violations are constitutional violations. Gilbert also points to the *Cook* court's remark that the statutory bar on double jeopardy is "'closely akin'" to a constitutional right, ignoring the first part of the court's sentence in which it said "while his right is *protected by statute* . . . ." Reply Br. of Pet'r at 5 (emphasis added) (quoting *Cook*, 114 Wn.2d at 812) ("Moreover, while his right is protected by statute, it is closely akin to a fundamental constitutional right afforded great respect by this court.").

---

[1] Gilbert also cites *Gamble*, 139 S. Ct. at 1965, in support of his position. But the portion of *Gamble* on which Gilbert relies merely clarifies that the allowance for prosecutions for the same offense by dual sovereigns, which is permitted by the federal constitution, is not an "exception" to the prohibition on double jeopardy. *Id.* Rather, under the federal constitution, an offense, which is identical in law and in fact, but which is committed in two separate sovereign jurisdictions, is not the *same* offense. *Id.* ("As originally understood, then, an 'offence' is defined by a law, and each law is defined by a sovereign. So where there are two sovereigns, there are two laws, and two 'offences.'")

No. 54188-2-II

We are unpersuaded that we should depart from the cases that have treated RCW 10.43.040 as a distinct, statutory double jeopardy protection, or that we should hold that RCW 10.43.040 merely expands or clarifies the definition of "same offense" found in article 1, section 9. Gilbert effectively argues that article 1, section 9 should be read to contain words that are not found in the provision itself. But Gilbert provides no authority that would allow us to add words to a constitutional provision that are not found within the text. Because Gilbert's double jeopardy claim is nonconstitutional, it does not fit within the exception to the time bar found in RCW 10.73.100(3). As such, his petition is untimely.

CONCLUSION

Gilbert fails to demonstrate his PRP is timely. Accordingly, we dismiss Gilbert's PRP.

CRUSER, J.

We concur:

MAXA, P.J.

VELJACIC, J.

8