[No. 22088–8–I.  Division One.  November 28, 1988.]

LOIS REICHELT, *Respondent,* v. RAYMARK INDUSTRIES, INC., *Appellant.*

*Linda E. Blohm, McKay & Gaitan, Malcolm Edwards,* and *Edwards & Barbieri,* for appellant.

---

*William J. Rutzick, Yvonne Huggins–McLean,* and *Schroeter, Goldmark & Bender,* for respondent.

PER CURIAM.—Raymark Industries, Inc., defendant below, seeks an extension of time to file a notice of appeal.

In 1980, Lois and Edward Reichelt sued 28 asbestos manufacturers and distributors, including Raymark, for personal injuries suffered by Edward and for loss of consortium suffered by Lois, his wife. Their case was dismissed as untimely because Reichelt had known of the hazards of asbestos since 1957 and became aware that he had asbestosis in 1971. This court affirmed the dismissal. *Reichelt v. Johns–Manville Corp.,* 42 Wn. App. 620, 712 P.2d 881 (1986).

The Supreme Court affirmed this court's opinion as to Edward's claim but reversed as to Lois' claim, holding that her claim did not necessarily accrue at the same time as that of her husband. *Reichelt v. Johns–Manville Corp.,* 107 Wn.2d 761, 733 P.2d 530 (1987). The cause was remanded and Lois Reichelt's claim was found to have been filed in a timely manner. She was thereafter awarded $342,000 against several defendants, jointly and severally. All defendants except Raymark settled with Reichelt, leaving $92,000 due her. A judgment in that amount was entered against Raymark on March 3, 1988.

Raymark Industries failed to file a timely notice of appeal from that judgment. The affidavits of record indicate that one of Raymark's two trial attorneys left the firm during the 30 days following entry of the judgment and that the firm's appellate attorney had an unusually heavy workload at that time. There were also conflicting affidavits as to whether Reichelt's attorneys had been told by Raymark's counsel that an appeal would be filed.

Approximately 10 days after the 30–day appeal period expired, Reichelt's attorneys contacted Raymark's counsel regarding payment of the judgment. Counsel for Raymark responded by immediately serving and filing a notice of

appeal. Raymark now seeks an extension of time as to that notice of appeal.

RAP 1.2(a) generally compels a liberal interpretation of the rules on appeal to the end that each cause and issue be decided on its merits.[1] Explicit exceptions to that rule of liberality exist, however. One such exception, specifically referenced in RAP 1.2(a), severely restricts this court's authority to grant Raymark's motion to extend time to file its notice of appeal. RAP 18.8(b) permits such an extension "only in extraordinary circumstances and to prevent a gross miscarriage of justice" and clearly favors the policy of finality of judicial decisions over the competing policy of reaching the merits in every case. *See* Comment, 3 L. Orland, Wash. Prac., *Rules Practice* §§ 4521–4525, at 424–28 (3d ed. 1978).

This rigorous test has rarely been satisfied in reported case law since the effective date of the Rules of Appellate Procedure on July 1, 1976. RAP 10.4(h). In each of those cases, the moving party actually filed the notice of appeal within the 30–day period but some aspect of the filing was challenged. *See Weeks v. Chief of Wash. State Patrol,* 96 Wn.2d 893, 895–96, 639 P.2d 732 (1982), notice *timely* filed, but filed in wrong court; *State v. Ashbaugh,* 90 Wn.2d 432, 438, 583 P.2d 1206 (1978), notice *timely* filed but rejected by court for lack of filing fee; *Structurals Northwest, Ltd. v. Fifth & Park Place, Inc.,* 33 Wn. App. 710, 714, 658 P.2d 679 (1983), notice *timely* when filed within 30 days of entry of stipulated "amended" judgment. In each case, the defective filings were upheld due to "extraordinary circumstances", *i.e.,* circumstances wherein the filing, despite reasonable diligence, was defective due to excusable error or circumstances beyond the party's control. In such a case,

---

[1]RAP 1.2(a) provides:

"These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, *subject to the restrictions in rule 18.8(b)*." (Italics ours.)

the lost opportunity to appeal would constitute a gross miscarriage of justice because of the appellant's reasonably diligent conduct. RAP 18.8(b).

■ Such diligence has not been demonstrated here. Raymark's counsel admit that they "made a mistake", but focus upon the lack of prejudice to Reichelt since the filing was only 10 days late. RAP 18.8(b), however, does not turn on prejudice to the responding party. If it did, there would rarely be a denial of a motion to extend time.[2] Moreover, nothing of record suggests that this matter would have resurfaced in counsel's mind within a "reasonable" time if Reichelt had not contacted counsel for payment of the judgment. *See State v. Cline,* 21 Wn. App. 720, 722, 586 P.2d 545 (1978); *State v. Shong–Ching Tong,* 23 Wn. App. 886, 888, 598 P.2d 1384 (1979). The Rules of Appellate Procedure restrict extensions of time in these circumstances for sound policy reasons. The motion to extend time is denied.

---

[2]Most respondents would be hard pressed to show prejudice where the notice of appeal is filed late. Rather, the prejudice of granting such motions would be to the appellate system and to litigants generally, who are entitled to an end to their day in court.