[No. 13344–0–II.   Division Two.   July 1, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. ZYION
HANDBURGH, *Appellant.*

*Valla M. Wagner,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney, Chris Quinn–Brintnall, Senior Appellate Deputy,* and *Patricia Pethick, Legal Intern,* for respondent.

ALEXANDER, J.—Zyion Handburgh appeals his juvenile court conviction on a charge of second degree robbery, contending that the trial court erred in concluding that he (1) took property from the person or presence of another

person, or (2) took property from another person by the threat or use of force. We reverse.

On August 11, 1989, 12–year–old Chaska Leonard left her bicycle unattended outside of a Tacoma recreation center while she went inside. When Leonard came back outside a short time later, she and several other children saw 12–year–old Zyion Handburgh riding off on her bicycle. Handburgh claimed that Leonard had given him permission to ride the bike. Leonard denied that assertion. The trial court found that Handburgh did not have permission to ride the bicycle.

Leonard demanded that Handburgh return her bicycle. She said that Handburgh retorted that she must "suck his wee wee" in order to get her bicycle back. Handburgh claimed that he jokingly demanded that Leonard give him money. A witness said that Handburgh made the statements attributed to him by Leonard.

Handburgh did not return the bike to Leonard. Instead, he rode it into an alleyway and dropped it into a ditch. When Leonard went to retrieve her bicycle, Handburgh threw rocks at her. Leonard continued her attempt to retrieve her bicycle and in the process pushed or struck Handburgh in an effort to stop him from throwing rocks. A struggle ensued and blows were exchanged. As a result, Leonard suffered a black eye, split lip, and bloody nose. Leonard and a friend eventually left, leaving the bicycle behind. The police later recovered the bicycle and returned it to Leonard. Handburgh was charged in Pierce County Juvenile Court with second degree robbery.

After trial, the juvenile court entered findings of fact generally consistent with the summary of facts set forth above. In particular the trial court found in part as follows:

> That on or about August 11, 1989, in Pierce County, Chaska Leonard left her bicycle outside the recreation center on Portland Avenue. When she returned a few minutes later, she saw the defendant, Zyion Handburgh, riding on her bicycle.
> That the taking of the bicycle was against Chaska Leonard's will. She did not give the defendant permission to ride her bicycle.

The juvenile court found Handburgh guilty of second degree robbery, concluding from the facts that Handburgh

did unlawfully take personal property from the person or in the presence of Chaska Leonard against such person's will by the use of force and injury to that person, contrary to RCW 9A.56-.210 and 9A.56.190.

■ In a criminal case, the State bears the burden of proving each element of the crime charged beyond a reasonable doubt. *State v. Baeza,* 100 Wn.2d 487, 488, 670 P.2d 646 (1983); *State v. Commodore,* 38 Wn. App. 244, 247, 684 P.2d 1364 (citing *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970)), *review denied,* 103 Wn.2d 1005 (1984). To sustain a conviction for second degree robbery, the State must prove beyond a reasonable doubt (1) the unlawful taking (2) of personal property (3) from the person or presence of another (4) against his will and (5) by the use or threatened use of immediate force. *State v. Faucett,* 22 Wn. App. 869, 593 P.2d 559 (1979); RCW 9A.56.210, .190.

Handburgh first contends that the juvenile court erred in finding that the taking had occurred "from the person of another or in his presence against his will." He argues that because the taking of the bicycle occurred while Leonard was still inside the recreation center, the taking did not occur in her presence. The State, while conceding that a taking took place outside Leonard's presence, argues that the evidence, viewed in the light most favorable to the State, supports a finding that the *unlawful* taking took place in the victim's presence. Basically the State contends that there is testimony indicating that Handburgh believed he had permission to ride the bicycle. The State concludes, therefore, that the taking was not unlawful until Leonard demanded the return of her bicycle and the demand was refused.

■ This court, however, is not in a position to reevaluate the evidence produced at trial. Pursuant to the mandates of JuCR 7.11(c),[1] the trial court entered findings of fact in support of its decision. These findings were

---

[1]JuCR 7.11(c) provides as follows:

"The juvenile shall be found guilty or not guilty. The court shall state its findings of fact and enter its decision on the record. The findings shall include the evidence relied upon by the court in reaching its decision."

unassailed by either party on appeal and, consequently, they are verities on appeal. *Metropolitan Park Dist. v. Griffith,* 106 Wn.2d 425, 433, 723 P.2d 1093 (1986). Our review is, therefore, limited to determining if the trial court's findings support its conclusions of law. *Willener v. Sweeting,* 107 Wn.2d 388, 393, 730 P.2d 45 (1986).

Here, the trial court found that Handburgh did not have permission to ride the bicycle. In addition, it found that "the taking of the bicycle" occurred while Leonard was still inside the recreation center. Consequently, the unlawful taking did not occur in the presence of the victim. The trial court's findings do not support its conclusion that the taking was from the person or presence of the victim.[2]

We reject the State's argument, raised for the first time at oral argument, that a robbery occurs whenever a defendant retains possession of property by the use of force in the presence of the owner. The State relies on the second sentence of RCW 9A.56.190 which provides: "Such force or fear must be used to obtain or retain possession of the property . . .". It is clear to us from the plain language of the statute that this language merely defines the type of force or fear that constitutes that element of robbery. A "taking," as another distinct element of the crime, must still occur from or in the presence of the victim. As stated above, the trial court's findings do not support a conclusion that the taking was from or in the presence of Chaska Leonard. Accordingly, the conviction must be reversed.

Because our resolution of Handburgh's first contention is dispositive of this appeal, we need not address his second argument that the taking was not accomplished by the use of force.

Reversed.

WORSWICK, C.J., and MORGAN, J., concur.

After modification, further reconsideration denied August 28, 1991.

---

[2]We note, however, that Handburgh could possibly have been charged with second degree theft for the unlawful taking of the bicycle outside of the victim's presence or with an assault for the later altercation.