[Nos. 12325-8-II; 13579-5-II. Division Two. November 21, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. CHESTER HILYARD, *Appellant*.

414

*Sheri Lynn Arnold,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Kyron J. Huigens, Deputy,* for respondent.

SWANSON, J.* — Chester Hilyard appeals[1] the exceptional sentence of two consecutive 38-month terms received pursuant to his conviction on a guilty plea to two counts of second degree assault while armed with a deadly weapon.[2]

---

*Judge Herbert A. Swanson is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

[1] This is Mr. Hilyard's second appearance before this court in this case. In his first appeal, Hilyard assigned error to the trial court's denial of his motion to withdraw his guilty plea and further alleged ineffective assistance of counsel. Hilyard's second appeal concerns only the validity of his exceptional sentence.

[2] Hilyard's sentence of two 38-month terms to run consecutively is an exceptional sentence under the Sentencing Reform Act of 1981, RCW 9.94A.

Notwithstanding his stipulation to consecutive terms resulting in an exceptional sentence as part of a negotiated plea bargain entered into on the morning of trial, Hilyard contends that the sentencing court's reasons for imposing an exceptional sentence are not supported by the record and are not justified as a matter of law. He also argues that the trial court erred in failing to consider mitigating factors.

We reject the appellant's arguments and uphold the exceptional sentence.

While being held for shoplifting at a Tacoma Thriftway store by two store employees in March of 1988, Hilyard drew a knife and stabbed both of them. He was charged with two counts of first degree assault.

On the day of trial, July 11, 1988, Hilyard pleaded guilty to a reduced charge of two counts of second degree assault with a deadly weapon. His plea was entered pursuant to a negotiated plea bargain in which he stipulated to an exceptional sentence based upon consecutive terms. In questioning Hilyard to be certain that he understood the conditions of the plea bargain, the trial court said, "[T]hat exceptional sentence will be stipulated to by you and the prosecution, do you understand that that is part of your agreement?" Hilyard replied, "Yes, I do." Accordingly, Hilyard agreed that the State could recommend a total sentence of 106 months based on 53 months per count with the two counts to run consecutively.

When the appellant appeared for sentencing, he moved to withdraw his plea. The trial court denied the motion and sentenced the appellant to exceptional consecutive sentences of 38 months on each count for a total of 76 months.

Thereafter, Hilyard appealed from the judgment and sentence, claiming that the trial court erred in denying his motion to vacate his stipulation to a consecutive sentence when he did not understand the difference between concurrent and consecutive sentences and further alleging that he had received ineffective assistance of counsel. He also filed a personal restraint petition that presented virtually the

same arguments. The personal restraint petition was consolidated with the appeal.

By an unpublished opinion filed March 5, 1991, this court affirmed the trial court's order denying Hilyard's motion to withdraw his guilty plea and dismissed with prejudice his personal restraint petition.[3]

After oral argument on this first appeal and while a decision was pending, appellant's newly substituted counsel and the State joined in asking the court by motion to consider Hilyard's challenge to the validity of the exceptional sentence. The court allowed the parties' request for additional briefing and referred the matter to the court commissioner. The court commissioner issued his ruling on April 26, 1991, and affirmed the exceptional sentence. Hilyard pursuant to RAP 17.7 moved to modify the commissioner's ruling. This court once again set the case for oral argument before a panel of judges to consider the sole issue of the validity of the exceptional sentence.

Hilyard challenges the validity of the exceptional sentence on the grounds that (1) the sentencing court's reasons for imposing an exceptional sentence are not supported by the record, (2) the finding of multiple stab wounds and life-threatening injuries does not justify an exceptional sentence as a matter of law, and (3) the trial court erred in not considering whether the mitigating factors outweighed the aggravating factors of multiple stabbings and life-threatening injuries.

A trial court may impose a sentence outside the standard range for an offense if it finds that there are substantial and compelling reasons justifying an exceptional sentence, considering the purpose of the Sentencing Reform Act of 1981. However, when a trial court does impose an exceptional sentence, it must set forth the reasons for its decision

---

[3] This court concluded that Hilyard knew and understood that he could be sentenced to 106 months even if he did not understand that this might result from two consecutive sentences of 53 months each. Therefore, his plea was not entered involuntarily, nor was he denied effective assistance of counsel.

in written findings of fact and conclusions of law. RCW 9.94A.120(2), (3).

The sentencing court entered the following pertinent findings of fact.

I.

On March 12, 1988, after being stopped for shoplifting and while waiting for police in a work area of the Stadium Thriftway store in Tacoma, Chester Larry Hilyard attacked Michael Hargreaves and Sheroid Mays with a knife which Hilyard had in his possession.

II.

Both Hargreaves and Mays suffered multiple stab wounds, which were life-threatening and required surgery for Mr. Mays and several days stay in the hospital.

. . . .

V.

The defendant and his counsel stipulated at the plea to an exceptional sentence imposing consecutive sentences.

From these findings, the court concluded "that an exceptional sentence is justified on the facts and also due to the stipulation of parties in plea negotiations per RCW 9.94A-.080."

The court's findings of fact and conclusions of law identify three reasons for imposing an exceptional sentence: the stipulation of the parties to an exceptional sentence; the multiple stab wounds suffered by both victims; and the life-threatening nature of both victims' injuries.

As part of his negotiated plea agreement, Hilyard and his attorney agreed to a sentence outside the standard range by stipulating that the sentence for each count would run consecutively. RCW 9.94A.400 provides that sentences imposed for multiple, current offenses ordinarily will run concurrently but consecutive sentences may be imposed under the exceptional sentence provisions of RCW 9.94A.120 and .390.

The fact that the parties stipulated to an exceptional sentence as part of a plea bargain is not challenged and is a verity on appeal. *See Metropolitan Park Dist. v. Griffith*, 106 Wn.2d 425, 433, 723 P.2d 1093 (1986); *State v. Handburgh*, 61 Wn. App. 763, 766, 812 P.2d 131 (1991). The sentencing court concluded that the stipulation justified an exceptional

sentence. Thus, the stipulation to an exceptional sentence as part of the plea bargain is a reason given and relied upon by the sentencing court for a sentence outside the standard range.

That a party's stipulation to a sentence outside of the presumptive range is a proper subject in a plea agreement there can be no doubt. It is authorized by statute. RCW 9.94A.080 states in pertinent part:

> The prosecutor and the attorney for the defendant . . . may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea . . . to a lesser or related offense, the prosecutor will do any of the following:
>
> . . . .
> (3) Recommend a particular sentence outside of the sentence range . . .[.]

While a guilty plea depends for its validity on the defendant's understanding of the consequences, *State v. Miller*, 110 Wn.2d 528, 531, 756 P.2d 122 (1988); *Wood v. Morris*, 87 Wn.2d 501, 554 P.2d 1032 (1976), that issue already has been resolved adversely to Hilyard by this court's previous determination in this case. Hilyard understood when he entered his plea that he was facing a sentence totaling up to 106 months.

Plea agreements are valid and must be upheld when entered into intelligently, voluntarily and with an understanding of the consequences. *See State v. Perkins*, 108 Wn.2d 212, 737 P.2d 250 (1987).

The appellant presents no argument and cites no authority to the effect that his stipulation was not entered into intelligently, voluntarily and with an understanding of the consequences, or that the stipulation is not in itself an adequate reason for imposing an exceptional sentence. Instead, Hilyard's argument focuses only on the other factual reasons given for the exceptional sentence.

Here, the record demonstrates that the trial judge carefully and painstakingly explained the charges and the consequences of the guilty pleas including the stipulation to Hilyard. The appellant was carefully questioned to ascer-

tain that he understood the recommended sentences and that they were to run consecutively, before the plea was accepted as knowingly, intelligently and voluntarily entered.

In *State v. Majors*, 94 Wn.2d 354, 616 P.2d 1237 (1980), the petitioner charged with first degree murder pleaded guilty to a reduced charge of second degree murder and to a supplemental information alleging habitual criminal status. He also agreed to waive his right of appeal. This bargain created the possibility of a less severe minimum sentence. On appeal, the petitioner argued that the supplemental information was defective and void because one of the alleged prior felony convictions occurred *after* the date of the murder which was the underlying crime for the habitual criminal supplemental information. Nevertheless, the court determined that there was no reason why the petitioner should not be held to his bargained-for sentence, which included accepting a habitual criminal status, when he was aware of the consequences of his plea and there was a factual basis for it. Similarly here, Hilyard pleaded guilty to two charges of second degree assault, reduced from first degree assault. By doing so, he faced the lower sentence range of 92 to 106 months for second degree assault instead of the 100 to 133 months he would have served if convicted of first degree assault, as originally charged.

Thus, because Hilyard was aware of the consequences of the stipulation to an exceptional sentence and because there is a factual basis for it, a lower sentence range, he must be held to his bargain.

The court in *State v. Perkins*, 108 Wn.2d at 216, made it clear that there is a strong public interest in enforcing the terms of plea agreements voluntarily entered into by the parties.

We conclude that the stipulation, which the sentencing court gave as a reason for imposing the exceptional sentence, both is supported by the record and is justified as a matter of law.

As previously noted, the appellant's arguments primarily focus on the findings of multiple stab wounds and life-

threatening injuries as not supported by the record or justifying an exceptional sentence as a matter of law.

However, appellant fails to cite to any authority for the contention that the sentencing court must independently and apart from the stipulation give reasons justifying the exceptional sentence for it to stand. In other words, appellant would have us disregard the stipulation as being insufficient standing alone to justify an exceptional sentence. Appellant would then require an examination of the other reasons relied upon as to whether they are supported by the record and justify the exceptional sentence.

If we were to adopt such a position, we would be rejecting the stipulation as a binding agreement and treating it as a useless act. Such a contention flies in the face of the strong public policy that plea agreements voluntarily entered into ought to be enforced. *State v. Perkins*, 108 Wn.2d at 216.

Here, the appellant agreed to accept a sentence which avoided a potentially more severe sentence as part of his negotiated plea agreement, as did the petitioner in *State v. Majors, supra*. He must be held to his bargain, just as the State is bound by the plea agreement. *See State v. Schaupp*, 111 Wn.2d 34, 38, 757 P.2d 970 (1988).

■ In addition, the exceptional sentence may be upheld on the basis of waiver. Hilyard waived his statutory right to argue for a sentence within the standard range by his stipulation to consecutive terms. *Cf. State v. Perkins, supra* (holding that defendant may waive right to appeal conviction if waiver is intelligent, voluntary, and made with an understanding of the consequences); *State v. Majors, supra* (holding that defendant's guilty plea entered pursuant to a plea bargain in which the defendant agrees to waive the right to appeal precludes review of sufficiency of the information, provided the waiver is made with awareness of the consequences).

To recapitulate, the exceptional sentence was properly imposed on the following bases: (1) Hilyard's stipulation to a sentence outside the standard range is an adequate reason

for an exceptional sentence; (2) the appellant is bound by his voluntarily entered into agreement to an exceptional sentence which avoided a more severe sentence; and (3) the plea agreement which included an exceptional sentence was a waiver of Hilyard's right to argue for a sentence within the standard range.[4]

 Therefore, it is unnecessary to review the additional reasons given by the sentencing court for the exceptional sentence. *State v. Altum*, 47 Wn. App. 495, 504, 735 P.2d 1356, *review denied*, 108 Wn.2d 1024 (1987); *see also State v. Nordby*, 106 Wn.2d 514, 723 P.2d 1117 (1986) (upholding an exceptional sentence where it was justified by two out of three of the trial court's reasons).

We affirm the exceptional sentence.

A majority of the panel having determined that only the foregoing portion of this opinion including the appendix will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

### APPENDIX
(Excerpts from the Verbatim Report of Proceedings)

[DEPUTY PROSECUTOR:] [T]he state is recommending, and I understand that counsel and defendant are stipulating to a sentence which would be in the consecutive range. The state is specifically recommending a sentence of 106 months in the Department of Corrections.

Mr. Finnell [the defense attorney], I understand, wishes the Court to consider a sentence of slightly less, of 100 months.

. . . .

[DEFENSE ATTORNEY:] In connection with this matter, it has been the subject of a negotiated plea agreement, under the terms of which, and to confirm what Mr. Johnson [the deputy prosecutor] has put on the record, a sentencing range as to each Count is 46 to 53 months. It is our understanding that Mr. Johnson will request that the Court impose the high end of the range as to each Count to be served consecutively.

---

[4]Of course, a plea bargained sentence may not exceed the statutory authority of the court to impose such a sentence. *In re Moore*, 116 Wn.2d 30, 38, 803 P.2d 300 (1991).

We state no objection to his recommendation.

I would, of course, ask that the Court impose sentence mid-range as is more or less incorporated in the philosophy of the SRA, and mid-range would be a term of 100 months.

. . . .

THE COURT: The only inducement to enter this plea of guilty is the plea bargain you made with the prosecuting attorney that the prosecutor would recommend this exceptional sentence of 160 [*sic*] months with the two separate offenses, time consecutive, range, whereas your counsel may argue for 100 months maximum penalty, again in the consecutive range?

[DEFENSE ATTORNEY:] Excuse me, Your Honor, I think you misspoke. You said 160; it's 106.

THE COURT: 106, I beg your pardon. I am sorry. I meant 106. The prosecutor will argue for 106 total, based on both Counts, each being served consecutively. And your counsel will urge upon the Court 100 total, again both sentences being consecutive. Do you understand that?

DEFENDANT: I do understand it.

. . . .

THE COURT: And that that exceptional sentence will be stipulated to by you and the prosecution, do you understand that that is part of your agreement?

DEFENDANT: Yes, I do.

THE COURT: In other words, 53 months will be argued by the prosecutor for each Count to run consecutively . . ..

Do you understand that, Mr. Hilyard?

DEFENDANT: Yes, I do, Your Honor.

PETRICH, A.C.J., and MORGAN, J., concur.

Review denied at 118 Wn.2d 1025 (1992).