[No. 31799-1-II. Division Two. November 1, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY MOON, *Appellant*.

*Rita J. Griffith*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Todd A. Campbell, Deputy*, for respondent.

¶1 HUNT, J. — Timothy Moon appeals his stipulated, exceptional sentence for residential burglary, imposed following his plea bargain with the State. He argues that his sentence is invalid under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Holding that *Blakely* neither applies nor justifies an extension of the appeal period, we dismiss Moon's untimely appeal.

## FACTS

¶2 On September 8, 2003, the State charged Timothy Moon (Moon) with first degree burglary, second degree assault, and felony violation of a domestic violence no-contact order. Moon's previous criminal record included two

felony second degree robbery convictions,[1] which would have caused him to receive a mandatory life sentence without parole under Washington's three-strikes law[2] if he were newly convicted for either first degree burglary, as charged, or second degree assault.

## I. Plea Agreement

¶3 Moon negotiated a plea agreement under which the State would amend the information to reduce the charges against Moon to a single count of residential burglary (a nonstrike offense) and dismiss the other charges in exchange for his guilty plea and stipulation to an exceptional sentence of 120 months (10 years).[3]

¶4 Following this agreement, the State amended its information, and Moon pleaded guilty to residential burglary[4] and stipulated to the exceptional sentence. Moon stated on the record, "I have reviewed the evidence against me & believe if this went to trial I could be found guilty & I plead guilty to take advantage of the State's recommendation." Clerk's Papers (CP) at 9. Moon also listed and admitted the elements of residential burglary, although he did not stipulate to the specific facts underlying the agreed exceptional sentence.

¶5 Before accepting Moon's guilty plea, the superior court recited the effects of the plea agreement at length and asked Moon if he understood that he was agreeing to an exceptional sentence. Moon replied, "To tell you the truth, I know I'm pleading guilty to ten years. It is better than life,

---

[1] Moon also has 14 previous misdemeanor convictions, including multiple incidents of domestic violence assault and criminal assault.

[2] *See* Washington's Persistent Offender Accountability Act, RCW 9.94A.570; 9.94A.030(29)-(32) (as renumbered under the 2005 amended version that went into effect July 24, 2005).

[3] The standard range sentence for residential burglary, given Moon's offender score of three, is 13 to 17 months. RCW 9.94A.510.

[4] Moon entered an *Alford* plea. *North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

you know." Report of Proceedings at 7-8. The superior court orally accepted Moon's plea, subject to the plea agreement.

¶6 The superior court then entered a written judgment and sentence and findings of fact. The court found that "[t]he Prosecuting Attorney and Defense stipulate to an exceptional sentence above the standard range as part of a plea bargain as allowed by *State v. Hilyard*, 63 Wn. App. 413[, 819 P.2d 809] (1991), [*review denied*, 118 Wn.2d 1025 (1992)]."[5] CP at 14. The court concluded, "Such an agreement constitutes a substantial and compelling reason justifying an exceptional sentence outside the standard range."[6] CP at 14.

¶7 On April 20, 2004, the superior court sentenced Moon to the stipulated exceptional sentence of 120 months. The court also informed Moon that he had a right to appeal his sentence within 30 days.

## II. Appeal

¶8 Thirty-five days after sentencing, on May 25, 2004, Moon filed a notice of appeal. On June 3, 2003, we sent Moon a notice that his appeal was untimely and that we would set his case on the motion calendar for dismissal. Moon did not respond, and on August 13, 2004, we issued a mandate dismissing his appeal.

¶9 On October 4, 2004, Moon filed a brief, arguing that his exceptional sentence was invalid under *Blakely*, 542 U.S. 296. On October 14, 2004, we issued an order recalling that mandate, and we reinstated Moon's appeal.[7]

---

[5] In *State v. Hilyard*, we held that a defendant's voluntary and knowing stipulation to an exceptional sentence formed an adequate basis for such a sentence. 63 Wn. App. 413, 420-21, 819 P.2d 809 (1991), *review denied*, 118 Wn.2d 1025 (1992).

[6] This was the superior court's sole reason for imposing an exceptional sentence.

[7] In so doing, we did not rule on the merits of either the timeliness of his appeal or the *Blakely* issue.

## ANALYSIS

¶10 Citing RAP 18.8(b), the State first argues that we should dismiss Moon's reinstated appeal because he filed his notice after the 30-day appeal period had expired. Moon concedes his appeal was untimely. But he argues that the Supreme Court's *Blakely* ruling, issued after his appeal period had expired, is an extraordinary circumstance justifying extension of time for his appeal under RAP 18.8(b). We disagree.

■ ■ ¶11 RAP 18.8(b) governs disposition of untimely appeals. *State v. Ashbaugh*, 90 Wn.2d 432, 438, 583 P.2d 1206 (1978). RAP 18.8(b) provides:

> The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal . . . . The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section.

¶12 We apply this test rigorously. Consequently, there are very few instances in which Washington appellate courts have found that this test was satisfied. *See Reichelt v. Raymark Indus., Inc.*, 52 Wn. App. 763, 765, 764 P.2d 653 (1988). The burden is on Moon to provide "sufficient excuse for [his] failure to file a timely notice of appeal" and to demonstrate "sound reasons to abandon the [judicial] preference for finality." *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 368, 849 P.2d 1225 (1993). Moon has failed to meet this burden here.

■ ¶13 Moon pleaded guilty to a significantly reduced charge and stipulated to an exceptional sentence of 10 years in order to avoid a life sentence. Had he gone to trial and been convicted of the crimes originally charged, which he acknowledged was likely in light of the State's evidence, he would have received a life sentence under Washington's three-strikes law, RCW 9.94A.570. His exceptional sentence was not based on factually supported aggravating factors of the type that a jury must find under *Blakely*.

Rather, Moon's exceptional sentence was based on his stipulation, of the type we approved in *Hilyard*. We hold, therefore, that the subsequently filed *Blakely* opinion does not apply nor does it constitute an extraordinary circumstance justifying departure from the normal rules governing the timely filing of appeals under RAP 18.8(b).

¶14 Moreover, Moon neither challenges the voluntariness or intelligence of his guilty plea nor argues that holding him to his plea bargain constitutes a manifest injustice. On the contrary, he does not ask us to vacate his plea, for to do so would subject him to the very life sentence that he intended to avoid by entering into the plea agreement with the State. Rather, he wants to retain the reduced charge benefit of his plea bargain while seeking a reduced sentence as well, even though it would be contrary to his bargain with the State. Clearly the State would not have reduced the charges had Moon not stipulated to the 120-month exceptional sentence for the amended, single burglary count.

■■ ¶15 Moon cannot have the benefit of his bargain without the consequence to which he agreed and stipulated and on which the court relied in imposing the exceptional sentence. Here, as in *Hilyard*, on which the superior court relied, Moon

> agreed to accept a sentence which avoided a potentially more severe sentence as part of his negotiated plea agreement, as did the petitioner in *State v. Majors*, [94 Wn.2d 354, 616 P.2d 1237 (1980)]. He must be held to his bargain, just as the State is bound by the plea agreement. *See State v. Schaupp*, 111 Wn.2d 34, 38, 757 P.2d 970 (1988).

63 Wn. App. at 420. Similarly, as in *Hilyard*, Moon "waived his statutory right to argue for a sentence within the standard range by his stipulation to" a sentence above the standard range. *Id.*

¶16 Moon having failed to demonstrate a "gross miscarriage of justice" under RAP 18.8(b), we hold him to his

bargain, decline to accept his late notice of appeal, and dismiss his appeal as untimely.

QUINN-BRINTNALL, C.J., and BRIDGEWATER, J., concur.