# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>DONNA L. TIMS,<br><br>                 Appellant,<br><br>and<br><br>GREGORY M. TIMS,<br><br>                 Respondent. | DIVISION ONE<br><br>No. 80102-3-I<br><br>UNPUBLISHED OPINION<br><br>FILED:  October 7, 2019 |

DWYER, J. — Donna Tims[1] appeals from the superior court's denial of a motion to revise a commissioner's order.  Because Donna did not file her notice of appeal within 30 days of the denial of her motion for revision, her appeal is untimely.  Thus, we dismiss the appeal.

I

Donna and Gregory Tims (Greg) married on August 6, 1993 in Virginia Beach, Virginia.  On August 12, 2015, Donna filed a petition for dissolution of the marriage in Pierce County Superior Court.  Greg and Donna both signed a decree of dissolution and a property settlement agreement.  A court commissioner entered a decree of dissolution on December 2, 2015.

---

[1] For clarity, we will refer to the principals by their first names.

Just over a year after the divorce, Greg died intestate. Approximately one year after his death, Donna filed pleadings with the superior court seeking to vacate the 2015 decree of dissolution and property settlement agreement, including a "Motion to Set Aside and Vacate Judgment/Order." Greg's estate (Estate) responded to the motion on his behalf, denying all of Donna's claims.[2]

A superior court commissioner heard oral argument on Donna's motion on March 7, 2018 and issued an order denying the motion. Donna subsequently filed a "Motion for Revision Vacating Judgment," seeking reversal of the commissioner's ruling. Judge Timothy L. Ashcraft heard oral argument on Donna's motion for revision on March 30, 2018 and issued an order denying the motion.

Donna filed a Notice of Appeal to Division Two on May 17, 2018. The notice indicated she was appealing from both the Commissioner's and Judge Ashcraft's rulings. Then, on May 31, 2018, Donna submitted a "Motion For Late Filing of Appeal," in which she appears to have asserted that she was unable to file her appeal on time because she attempted, but failed, to settle her case.

Division Two transferred the matter to us for resolution.

II

The Estate contends that we should dismiss Donna's appeal because she failed to file her notice of appeal within 30 days of Judge Ashcraft's order denying

---

[2] The record before us does not include any order of the court recognizing the Estate as intervening on behalf of the deceased. The record is clear, however, that the trial court did recognize the Estate as appearing for the deceased as the real party in interest.

her motion to revise the commissioner's ruling and no extraordinary circumstances excuse the untimely filing. We agree.

Although Donna appeals from both the commissioner's and the superior court's rulings, we review only the superior court's ruling. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). Once the superior court makes a decision on revision, the appeal is from the superior court's decision, not the commissioner's. Ramer, 151 Wn.2d at 113.

A notice of appeal must be filed within 30 days of a trial court's final decision.[3] RAP 5.2(a); Schaefco, Inc. v. Columbia River Gorge Comm'n, 121 Wn.2d 366, 367, 849 P.2d 1225 (1993). "The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal." RAP 18.8(b). "In contrast to the liberal application we generally give the Rules of Appellate Procedure (RAP), RAP 18.8[(b)] expressly requires a narrow application." Beckman v. Dep't of Social & Health Servs., 102 Wn. App. 687, 693, 11 P.3d 313 (2000). This is so because "the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time." RAP 18.8(b). It is immaterial whether a particular respondent would be prejudiced by an extension—"the prejudice of granting an extension of time would be 'to the appellate system and to litigants generally, who are entitled to an end to their day in court.'" Beckman, 102 Wn. App. at 694 (quoting Reichelt v. Raymark Indus., Inc., 52 Wn. App. 763, 766 n.2, 764 P.2d 653 (1988)).

---

[3] Under RAP 5.2(e), certain postjudgment motions filed with the trial court may, if timely filed, extend the time for appeal. RAP 5.2(e) is not applicable to this case.

Applying this stringent standard, "extraordinary circumstances" excuse a late filing only when an untimely filing has occurred due to excusable error or circumstances beyond the party's control. Shumway v. Payne, 136 Wn.2d 383, 394-97, 964 P.2d 349 (1998); Scannell v. State, 128 Wn.2d 829, 834-35, 912 P.2d 489 (1996). Would-be appellants must provide a sufficient excuse for their failure to file a timely notice of appeal and demonstrate a sound reason to abandon the judicial preference for finality. Schaefco, Inc., 121 Wn.2d at 368.

In reported case law, this standard has only rarely been met. Reichelt, 52 Wn. App. at 765. The standard was not met in Reichelt, in which an appeal was filed 10 days late because the appellant's law firm's appellate attorney had an unusually heavy workload. 52 Wn. App. at 764, 766. Nor was the standard met in Beckman, where the court affirmed a $17 million judgment against the State because the "State was not 'reasonably diligent' in attempting to file a timely appeal." 102 Wn. App. at 696 (quoting Reichelt, 52 Wn. App. at 765-66). Indeed, in those reported appellate decisions that granted extra time to file, the appellant diligently filed a notice of appeal within the 30 day period, but the filing was partially defective. See Reichelt, 52 Wn. App. at 765 (citing Weeks v. Chief of Wash. State Patrol, 96 Wn.2d 893, 895-96, 639 P.2d 732 (1982) (notice *timely* filed, but with the wrong court); State v. Ashbaugh, 90 Wn.2d 432, 438, 583 P.2d 1206 (1978) (notice *timely* filed, but rejected for lack of filing fee)).

This is not the exceptional case in which the appellant has timely filed a partially defective appeal. Instead, Donna filed her appeal more than two weeks after the standard 30 day deadline had passed. In her reply brief and in her

4

"Motion For Late Filing of Appeal" she contends that she was unable to file her appeal on time because she was attempting to settle her case.[4] Donna's failure to timely file her notice of appeal is not excused by her decision to pursue a settlement. No extension of time is warranted.

III

The Estate asserts that Donna's untimely appeal is frivolous and warrants the imposition of sanctions under RAP 18.9. We agree.

RAP 18.9 provides:

The appellate court on its own initiative or on motion of a party may order a party or counsel . . . who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court.

RAP 18.9(a).

In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

Streater v. White, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980).

---

[4] In her motion, she also asserts that an unspecified medical condition prevented her from filing her appeal on time. Even if such a vague and unsupported assertion could excuse her failure to timely file an appeal, it is contradicted by her argument that she failed to file on time because she was attempting to settle the case.

The first of these considerations is the presumption that an appellant has a right to appeal under RAP 2.2.  However, given that Donna missed her opportunity to appeal and no longer has that right—having filed after the deadline set forth in RAP 5.2(a)—her appeal is "frivolous in the extreme."  In re Marriage of Penry, 119 Wn. App. 799, 804, 82 P.3d 1231 (2004).  Her appeal warrants the imposition of sanctions.  Upon proper application, a commissioner of this court will enter an order awarding the Estate its reasonable attorney fees and costs on appeal, consistent with this opinion.

Dismissed.

WE CONCUR:

_____ Mann, ACJ

_____ Dwyer, J.

_____ Leach, J.