IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| DEPHANIE ADEYEMI, | ) | No. 79478-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DEEN KING-SMITH, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 9, 2020 |

BOWMAN, J. — Dephanie Adeyemi obtained a one-year sexual assault protection order (SAPO) against Deen King-Smith. King-Smith filed an untimely notice of appeal. He asks us to enlarge the time to file his appeal and consider the merits. We decline and dismiss the appeal for failure to comply with RAP 5.2(a).

FACTS

On September 12, 2018, Adeyemi filed a pro se petition for a SAPO against King-Smith detailing nonconsensual sexual activity. She received a temporary SAPO that day.

Through an attorney, King-Smith filed a response to the petition, categorically denying any sexual misconduct allegations. Counsel represented both parties at the subsequent final SAPO hearing on December 11, 2018. The trial court found Adeyemi's testimony credible and issued a one-year SAPO.

King-Smith filed an untimely notice of appeal on January 17, 2019.
Simultaneously with his reply brief to the court, King-Smith filed a motion to
enlarge time for appeal. A commissioner of this court referred the motion for
consideration with the merits.

ANALYSIS

RAP 5.2(a) generally requires an appellant to file a notice of appeal within
30 days of entry of the decision for review. Under RAP 18.8(b), "[t]he appellate
court will only in extraordinary circumstances and to prevent a gross miscarriage
of justice extend the time within which a party must file a notice of appeal."
Because of the desirability of finality of decisions, we apply this test rigorously.
State v. Moon, 130 Wn. App. 256, 260, 122 P.3d 192 (2005). This has resulted
in few instances in which appellate courts have found the test satisfied. Moon,
130 Wn. App. at 260. The appellant bears the burden "to provide 'sufficient
excuse for [his] failure to file a timely notice of appeal' and to demonstrate 'sound
reasons to abandon the [judicial] preference for finality.' " Moon, 130 Wn. App. at
260[1] (quoting Schaefco, Inc. v. Columbia River Gorge Comm'n, 121 Wn.2d 366,
368, 849 P.2d 1225 (1993)).

King-Smith acknowledges that he filed his appeal six days late but
requests we extend the time for his appeal. King-Smith cites State v. Kells, 134
Wn.2d 309, 314, 949 P.2d 818 (1998), to support his argument that his
constitutionally guaranteed right to appeal requires evidence of voluntary waiver
before dismissal under RAP 18.8(b). However, this constitutional right to appeal
applies only to criminal defendants. In re Dependency of A.L.F., 192 Wn. App.

---

[1] Alterations in original.

2

512, 521, 371 P.3d 537 (2016). The legislature explicitly created the SAPO "to provide a broad civil remedy to protect victims of rape and sexual assault who either choose not to report the sexual assault or do report the assault but the assault is not prosecuted." Nelson v. Duvall, 197 Wn. App. 441, 454, 387 P.3d 1158 (2017); RCW 7.90.005. Due to the civil nature of the SAPO, King-Smith does not have the same presumption against waiver of the right to appeal that exists in criminal cases.

Instead, King-Smith must demonstrate extraordinary circumstances and a sufficient excuse for his failure to timely appeal. See Moon, 130 Wn. App. at 260; RAP 18.8(b). King-Smith claims he suffered extreme mental distress and "checked out," deciding not to read e-mail or listen to voice mail from his attorney. As a result, King-Smith did not realize the 30-day time line to appeal.

While we understand that court proceedings often prove stressful, King-Smith's inability to face his legal situation does not amount to extraordinary circumstances supporting an extension of time for his appeal. Therefore, we deny his motion to enlarge time and dismiss the appeal as untimely under RAP 5.2(a).

WE CONCUR: