**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MADHUSUDHAN ANANDERI KANDADAI, | No. 86427-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| SNOHOMISH COUNTY, | |
| Respondent. | |

MANN, J. — Madhusudhan Kandadai appeals the summary judgment dismissal of his claims against Snohomish County. We dismiss Kandadai's appeal as untimely.

I

On August 15, 2023, Kandadai sued Snohomish County, asserting claims for disability discrimination, false arrest, false imprisonment, assault, and battery. Kandadai's process server hand-delivered a copy of the summons and complaint to Karen Anderson, the administrative assistant for the Snohomish County Executive. The County answered and asserted multiple affirmative defenses including that "Plaintiff's claims are barred because Plaintiff has failed to commence his lawsuit within 90 days of filing as required by RCW 4.16.170" and "Plaintiff's claims are barred because the Court lacks personal jurisdiction over Defendant due to Plaintiff's failure to properly serve Defendant with process as required by Washington State law and the Civil Rules."

The County moved for summary judgment, asserting that Kandadai had not served the County in the manner required by law. The County asked that the complaint be dismissed, as the statute of limitations had lapsed on all of Kandadai's claims. Kandadai argued in response that he had perfected service on the County by secondhand service.

The trial court granted summary judgment and dismissed Kandadai's claims with prejudice on January 19, 2024. Eleven days later, on January 30, 2024, Kandadai moved for reconsideration of the order granting summary judgment. The trial court denied the motion on an unspecified basis on February 12, 2024.

Kandadai filed a notice of appeal on March 12, 2024.

II

The County argues that Kandadai's appeal should be dismissed as untimely because it was not filed within 30 days of the trial court's order granting summary judgment. The County asserts that Kandadai's motion for reconsideration was untimely and thus could not extend the deadline for appeal. We agree.

A party is permitted 30 days to file a notice of appeal. RAP 5.2(a). This time limit can be prolonged by the filing of "certain timely motions," including a motion for reconsideration. RAP 5.2(a), (e). A motion for reconsideration is timely if it is filed and served within 10 days of the challenged order. CR 59(b). The trial court cannot extend the deadline for filing a motion for reconsideration. CR 6(b).

Kandadai moved for reconsideration on January 30, 2024, 11 days after the trial court's order granting summary judgment. Thus, the motion for reconsideration was untimely and could not extend the deadline to appeal. See Schaefco, Inc. v. Columbia

River Gorge Comm'n, 121 Wn.2d 366, 368, 849 P.2d 1225 (1993). Accordingly, Kandadai's notice of appeal filed on March 12, 2024, was well outside the 30-day time limit.

Kandadai asserts that his motion for reconsideration was timely because it was submitted on January 29, 2024, albeit after-hours. Kandadai contends that the time of day that a document is filed is irrelevant for electronic submissions and therefore, his motion should be deemed filed on January 29, 2024. Kandadai relies on 28 U.S.C. § 452, a federal statute concerning the operating hours of the federal court electronic filing system. Kandadai's argument fails because this statute does not apply to Washington courts. In addition, nothing in the record supports his assertion that his motion for reconsideration was submitted on January 29, 2024.

When an appellant fails to timely perfect on appeal, the disposition of the case is governed by RAP 18.8(c), which provides:

> The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal, a notice for discretionary review, a motion for discretionary review of a decision of the Court of Appeals, a petition for review, or a motion for reconsideration. The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section.

"'Extraordinary circumstances' include instances where the filing, despite reasonable diligence, was defective due to excusable error or circumstances beyond the party's control." Shumway v. Payne, 136 Wn.2d 383, 395, 964 P.2d 349 (1998) (quoting Hoirup v. Empire Airways, Inc., 69 Wn. App. 479, 482, 848 P.2d 1337 (1993)). The burden is on the appellant to demonstrate that an extension of time is warranted under

3

the rigorous confines of this rule.  State v. Moon, 130 Wn. App. 256, 260, 122 P.3d 192 (2005).

Kandadai claims that his attorney mistakenly moved for reconsideration at 5:00 p.m. on January 29, 2024, which was 30 minutes past the court's operating hours. Even if Kandadai provided evidence of this assertion—which he does not—his attorney's negligence is not "extraordinary circumstances."  See Beckman v. Dep't of Soc. & Health Servs., 102 Wn. App. 687, 695, 11 P.3d 313 (2000) ("Negligence, or the lack of 'reasonable diligence,' does not amount to 'extraordinary circumstances'" under RAP 18.8(c).); cf. In re Pers. Restraint of Fowler, 197 Wn.2d 46, 54, 479 P.3d 1164 (2021) ("[O]rdinary attorney negligence, such as miscalculating the filing deadline, is generally not an extraordinary circumstance.").

Kandadai has not demonstrated that any extraordinary circumstances warrant extending the time to file a notice of appeal, nor does he demonstrate that dismissal would result in a gross miscarriage of justice.  Accordingly, we dismiss his appeal as untimely.[1]

_Mann, J._

WE CONCUR:

_Díaz, J._

_Bowman, J_

---

[1] Kandadai's motion requesting judicial notice is denied as moot.