IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39429-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SEAN KYLE MARTIN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Sean Martin appeals his standard range sentence and asks us to direct the trial court to strike various legal financial obligations (LFOs). We conclude that Martin waived his right to appeal a standard range sentence, but remand for the trial court to strike the challenged LFOs.

FACTS

In 2014, Sean Martin pleaded guilty to four counts of first degree robbery, including three firearm enhancements. He committed the robberies when he was 22 to 23 years old. Martin completed a statement on plea of guilty that included a waiver of his right to appeal his sentence if the trial court sentenced him within the standard range. The sentencing judge, however, incorrectly stated that if Martin pleaded guilty he had no right to appeal.

At sentencing, the State informed the trial court that the parties had reached a joint recommendation for a low-end standard range sentence, which, after adding 60 months for each of the three firearm enhancements, totaled 257 months. The State also mentioned that Martin had confessed to "using a firearm in 17 different felonies, which resulted in a minimum of 85 years just in weapons enhancements alone." Rep. of Proc. (May 21, 2014) (RP) at 12. Defense counsel, in asking for the court to accept the joint recommendation, acknowledged that the 257-month (or 21-year, 5 month) sentence was substantial, but emphasized that the plea allowed Martin to avoid the risk of a sentence between 65 and 85 years. The trial court asked Martin if he had anything to say before it imposed sentence. Martin said he "was hoping [he] could get maybe under ten years." RP at 38.

The trial court imposed the jointly recommended sentence of 257 months, and also ordered Martin to pay a $500.00 victim penalty assessment (VPA), a $200.00 criminal filing fee, a $100.00 DNA collection fee, and $11,072.61 in restitution.

In late 2022, Martin filed this appeal. Because the trial court had misinformed Martin of his limited right to appeal, we enlarged the time so to consider this appeal.

ANALYSIS

Martin argues the trial court erred by failing to exercise its discretion to consider an exceptional sentence below the standard range. The State responds that Martin waived his right to appeal from a standard range sentence. We agree with the State.

Plea agreements are treated as contracts binding on both the State and the defendant, with a "strong public interest in enforcing the terms of plea agreements which are voluntarily and intelligently made." *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 309, 979 P.2d 417 (1999). Where a defendant agrees to plead guilty to avoid a potentially more severe sentence, "[h]e must be held to his bargain, just as the State is bound by the plea agreement." *State v. Hilyard*, 63 Wn. App. 413, 420, 819 P.2d 809 (1991). "The benefits of plea bargains include finality, acceptance of responsibility, preservation of resources, and the exercise of mercy." *State v. Westwood*, 10 Wn. App. 2d 543, 549, 448 P.3d 771 (2019). A defendant who enters into a negotiated plea agreement that specifically waives the right to appeal a standard range sentence cannot raise nonjurisdictional challenges to the constitutionality of a standard range sentence. *State v. Moten*, 95 Wn. App. 927, 929-34, 976 P.2d 1286 (1999).

Martin, citing *State v. McFarland*, 189 Wn.2d 47, 399 P.3d 1106 (2017), argues that his waived right to appeal does not foreclose him from arguing that the trial court

3

erred by failing to exercise its discretion to impose an exceptional sentence below the standard range.  We disagree.

In *McFarland*, the court held that RCW 9.94A.535(1)(g) gives sentencing courts discretion to impose concurrent firearm-related sentences when multiple firearm-related convictions result in a presumptive sentence that is clearly excessive in light of the purpose of the Sentencing Reform Act of 1981, chapter 9.94A RCW.  *Id.* at 55.  The court further held, even though RCW 9.94A.585(1) generally prohibits a defendant from appealing a standard range sentence, a defendant may appeal such a sentence when a "'court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range.'"  *Id.* at 56 (internal quotation marks omitted) (quoting *State v. McGill*, 112 Wn. App. 95, 100, 47 P.3d 173 (2002)).

*McFarland* is distinguishable.  The defendant in *McFarland* did not waive his right to appeal a standard range sentence.

As mentioned previously, plea bargains are contracts.  In general, a waiver of rights is enforceable.  Here, in the plea agreement, Martin waived numerous rights—the right to a speedy and public trial by an impartial jury, the right to remain silent, the right to hear and question witnesses, the right to testify, the right to be presumed innocent, and

the right to appeal a finding of guilt. These rights are constitutionally based. These constitutional rights are waivable. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). Because constitutional rights are waivable in a plea agreement, it follows that statutory rights are also waivable.

Here, Martin does not contest that his plea was knowing, intelligent, and voluntary. In exchange for his plea and waiver of right to appeal a standard range sentence, Martin received a sentence of 21 years, 5 months, and avoided a sentence that could have been several times longer. We conclude that Martin waived his right to appeal the standard range sentence he received, and with it, any argument that his three firearm convictions should have been sentenced concurrently rather than consecutively.

LEGAL FINANCIAL OBLIGATIONS

Martin requests that we direct the trial court to strike three LFOs imposed in his judgment—the criminal filing fee, the DNA collection fee, and the VPA.

In 2018, the legislature prohibited courts from imposing the criminal filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17(2)(h). In 2023, the legislature eliminated DNA collection fees and prohibited courts from imposing victim penalty assessments on indigent defendants. LAWS OF 2023, ch. 449, §§ 1, 4.

No. 39429-8-III
*State v. Martin*

Statutory changes to cost statutes apply prospectively. *State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018). A statute operates prospectively when the precipitating event for its application occurs after the effective date of the statute. *Id.* at 749. The precipitating event of the statute is the termination of the case. *Id.* Because Martin's case is on appeal, it has not yet terminated and the challenged LFOs must be struck, subject to a showing that he is indigent.

The State asks, if we agree with Martin, that we remand without resentencing. We agree with Martin, yet Martin's presence in court could be required for him to establish his indigency. Rather than requiring the State to incur this expense, we simply direct the trial court to find that Martin is indigent and strike the challenged LFOs.

Affirm sentence, but remand to strike criminal filing fee, DNA collection fee, and VPA.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____       _____
Staab, J.                                                     Cooney, J.

6